OPINION
{¶ 1} The State of Ohio appeals the decision of the trial court which granted shock probation to Appellee.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 24, 1997, the Richland County Court of Common Pleas sentenced appellee to consecutive terms of eight to twenty-five years and six to fifteen years in prison, for convictions of aggravated burglary[F1] and robbery[F2]. This Court affirmed the trial court decision in an opinion filed on December 11, 1997.
 {¶ 3} Appellee's crimes were committed on May 13, 1996.
 {¶ 4} In November, 1998, appellee filed a motion in the trial court requesting that his sentence be amended from consecutive to concurrent sentences. On December 9, 1998 the trial court overruled appellee's motion.
 {¶ 5} Appellee (then appellant) timely appealed and raised the following assignment of error:
 {¶ 6} "The trial court erred in sentencing appellant to consecutive sentences in this case." (Again, appellant in prior action is appellee in the instant action.)
 {¶ 7} This Court affirmed the decision of the trial court holding that appellee's motion was filed after his sentence commenced at Mansfield Correctional Institution and therefore the trial court was without jurisdiction to modify his sentence pursuant to R.C. 2929.51, and further that appellant did not raise any sentencing errors in his first appeal in 1997, and thus Appellee could not use a post-conviction proceeding as a substitute for appeal.
 {¶ 8} Appellee appealed to the Ohio Supreme Court which denied jurisdiction on September 22, 1999.
 {¶ 9} On July 26, 2001, the trial court sua sponte amended the original sentences imposed on March 19, 1997, to be served concurrently rather than consecutively.
 {¶ 10} On June 2, 2003, the trial court held a formal hearing, without any motion filed by the defendant, and entered an order of super-shock probation citing R.C. § 2947.061(B) as authority.
 {¶ 11} It is from this decision that Appellant State of Ohio now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 12} "I. The court erred in granting the Defendant-Appellee shock probation on June 2, 2003, for reason that it was not in compliance with the now repealed R.C. § 2947.061, and therefore was without statutory Authority to do so."
 I. {¶ 13} In its sole assignment of the error, the State of Ohio, argues that the trial court did not have authority to grant Appellee shock probation. We agree.
 {¶ 14} While a trial court maintains authority to amend its sentence at any time before the execution of sentence is commenced, absent statutory authority to do so, a court has no authority to amend a valid sentence which has been put into execution.
 {¶ 15} It is important to note that R.C. § 2929.51 enumerates the powers of the court with respect to modifying sentences. Thus, even though the court orders the sentence, the legislature has provided the conditions for modifying sentences in R.C. § 2929.51.
 {¶ 16} R.C. § 2929.51(A) provides that, at or after the time of sentencing for a felony up to the time the defendant is delivered to the institution where he is to serve his sentence, the court may suspend the sentence and place the defendant on probation pursuant to R.C. §2951.02.
 {¶ 17} Once the defendant has been delivered into the custody of the institution in which he is to serve his sentence, the trial court's authority to suspend sentence under R.C. § 2929.51(A) terminates and it no longer has jurisdiction to entertain requests for probation under R.C. § 2951.02.
 {¶ 18} However, division (B) of R.C. § 2929.51 provides that, where the defendant has already been delivered into the custody of the institution to which he was sentenced, the court may suspend the balance of the original sentence and place the defendant on probation pursuant to R.C. § 2947.061. In essence, this section permits the granting of shock probation when an indefinite term of imprisonment for a felony is imposed. This must be done during the periods set out in R.C. §2947.061(A) and (B). R.C. § 2947.061, as in effect prior to July 1, 1996, controls disposition of this appeal. See State v. Rush (1998),83 Ohio St.3d 53. See, also, State v. Whaley (Jul. 9, 1997), Gallia County App. No. 96CA17, unreported (R.C. 2951.011(A)).
 {¶ 19} R.C. § 2947.061(A) and (B), as in effect prior to July 1, 1996, stated, impertinent part:
 {¶ 20} "(A) Subject to sections 2951.02 to 2951.09 of the Revised Code, the trial court, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which the defendant is to begin serving the defendant's sentence or upon the court's own motion during the same thirty-day period, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that, consistent with all required conditions of probation prescribed by division (C) of section 2951.02 of the Revised Code, the court determines, notwithstanding the expiration of the term of court during which the defendant was sentenced.
 {¶ 21} "The court shall hear any motion filed under this division within sixty days after the filing date of the motion and shall enter its ruling on the motion within ten days after the hearing on the motion.
 {¶ 22} "This division does not apply to a defendant who is sentenced for the commission of an aggravated felony of the first, second, or third degree.
 {¶ 23} "(B) Subject to sections 2951.02 to 2951.09 of the Revised Code and notwithstanding the expiration of the term of court during which the defendant was sentenced, the trial court, upon the motion of thedefendant, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that, consistent with all required conditions of probation prescribed by division (C) of section 2951.02 of the Revised Code, the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state correctional institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction." (emphasis added.)
 {¶ 24} Appellee was convicted and sentenced on one count of Aggravated Burglary [F1] and one count of Robbery [F2].
 {¶ 25} Appellee was eligible to file a motion for "shock probation" for the second degree felony count of Robbery under R.C. § 2947.061(A). However, he would have had to file the motion not less than thirty days nor more than sixty days after he arrived at the institution, which he did not do. Neither the parties nor the court may change this provision. See State v. Hasenmeier (Mar. 18, 1994), Erie App. No. E-93-33, unreported.
 {¶ 26} "Super shock probation", as defined in R.C. § 2947.061(B) applies to aggravated first, second, and third degree felonies. Appellee was not eligible to file a motion for "super shock probation".
 {¶ 27} Even if the trial court could have granted appellee's motion for super shock probation for the aggravated first degree felony, Appellee would still remain incarcerated on the second degree felony.
 {¶ 28} Furthermore, the language contained in subsection (B) of R.C. § 2947.061, as opposed to subsection (A) does not provide for the trial court to act on its own motion: "the trial court, upon themotion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation."
 {¶ 29} We find, based on the foregoing and for the same reasons stated in our prior decision in State v. Lambert (June 28, 1999) Richland App. No. 98 CA 110, that the trial court in the case sub judice was subject to the mandates of R.C. 2929.51 and R.C. 2947.061, as it read regarding offenses committed prior to July 1, 1996, and, as such, the trial court was without jurisdiction to modify or amend Appellee's sentence pursuant to R.C. § 2929.51 and was further without jurisdiction to grant Appellee shock probation. Appellee must be returned to prison to serve the remainder of his sentence.
 {¶ 30} Appellant's sole assignment of error is sustained.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is reversed and the original sentence of the trial court is reimposed.
Boggins, J., Hoffman, P.J. and Wise, J. concur.