**The STATE of Ohio, Appellant,**

v.

**EVANS, Appellee.**

[Cite as *State v. Evans,* 161 Ohio App.3d 24, 2005-Ohio-2337.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 04CA2797.

Decided May 5, 2005.

</div>

<hr/>

26

Scott W. Nusbaum, Ross County Prosecuting Attorney, and Michael M. Ater, Assistant Prosecuting Attorney, for appellant.

James R. Kingsley, for appellee.

PETER B. ABELE, Presiding Judge.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The jury found Kirk A. Evans, the defendant below and appellee herein, guilty of unlawful sexual conduct with a minor in violation of R.C. 2907.04 and sexual imposition in violation of R.C. 2907.06.

{¶ 2} The state of Ohio, plaintiff below and appellant herein, assigns the following error for review:

Did the trial court err in issuing a nunc pro tunc judgment entry modifying the original sentence imposed?

{¶ 3} The sole issue in this appeal involves the trial court's review and modification of sentence following appellee's unsuccessful appeal. On July 30, 2003, the trial court ordered appellee to serve a 12–month prison sentence for unlawful sexual conduct with a minor (fourth-degree felony) and a concurrent 30–day county-jail sentence for sexual imposition (third-degree misdemeanor). In sentencing appellee to prison, the trial court determined that a community-control sanction would demean the seriousness of the offense.

{¶ 4} Appellee appealed that judgment and asserted that the jury's verdicts were inconsistent. We affirmed the trial court's judgment. *State v. Evans* (March 31, 2004), Ross App. No. 03CA2697. Appellee sought further review, but the Ohio Supreme Court declined appellee's invitation to consider the matter.

{¶ 5} On April 21, 2004, appellee requested the trial court to reconsider its previously ordered sentence. Notably, the presentence investigation report's recommendation had changed during the interim period. At the first sentencing hearing the PSI report recommended a prison sentence. At the subsequent hearing, however, the PSI recommended a community-control sanction.

{¶ 6} After considering the evidence and counsels' arguments, the trial court opted, over appellant's objections, to issue a "Judgment Entry of Sentence Nunc Pro Tunc" and modified appellee's sentence to a community-control sanction.

{¶ 7} On September 22, 2004, appellant requested leave to appeal the trial court's judgment. We granted that request, and this matter is properly before us for review and determination.

{¶ 8} In its sole assignment of error, appellant asserts that the trial court's decision to modify appellee's sentence by a nunc pro tunc entry constitutes reversible error. Appellee notes that *State v. Henson* (2002), 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, explicitly provides that a nunc pro tunc entry may not be used to modify a previously ordered sentence. Rather, appellant contends that nunc pro tunc or corrective entries are limited in use to situations that reflect what a court actually decided but failed to properly recite or include in a judgment entry, not what a court might or should have decided or what the court might have intended to decide.

{¶ 9} We agree with appellant concerning the use of nunc pro tunc entries. In *State v. Greulich* (1988), 61 Ohio App.3d 22, 24, 572 N.E.2d 132, the court wrote the following with respect to a nunc pro tunc order:

> A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. *State, ex rel. Phillips v. Indus. Comm.* (1927), 116 Ohio St. 261, 155 N.E. 798. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. *Jacks v. Adamson* (1897), 56 Ohio St. 397, 47 N.E. 48.
>
> A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide. *Webb v. Western Reserve Bond & Share Co.* (1926), 115 Ohio St. 247, 153 N.E. 289. That, of course, may include the addition of matters omitted from the record by inadvertence or mistake of action taken. See Black's Law Dictionary (5 Ed.1979) 964. Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action.

{¶ 10} Thus, a nunc pro tunc entry may be used only in situations to correct a previous order that failed to reflect a court's true action. Although, as

28

we discuss below, we agree with appellant as an abstract proposition of law that the trial court's use of a nunc pro tunc entry may have been technically improper, we do not agree with appellant that the trial court was prohibited from modifying appellee's sentence. Additionally, the label or title placed on a document generally is not, standing alone, determinative of what the document actually represents. See, e.g., *St. Vincent Charity Hosp. v. Mintz* (1987), 33 Ohio St.3d 121, 515 N.E.2d 917. Rather, the content of the entry or document determines the nature of that document.

{¶ 11} In the case sub judice the trial court decided to modify its previously imposed sentence. In *State v. Meister* (1991), 76 Ohio App.3d 15, 17, 600 N.E.2d 1103, the court discussed the conditions under which a trial court may resentence a criminal defendant:

> Both historically and as a matter of policy, a trial court may resentence a defendant who has not begun to serve the sentence to a more severe sentence without violating the multiple-sentences protections of the Double Jeopardy Clause. The reason is that, before its execution, a sentence lacks the constitutional finality of a verdict of acquittal. *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328; *State v. Vaughn* (1983), 10 Ohio App.3d 314, 10 OBR 520, 462 N.E.2d 444. Cf. *Whalen v. United States* (1980), 445 U.S. 684, 703, 100 S.Ct. 1432, 1443, 63 L.Ed.2d 715, 731 (Rehnquist, J., dissenting).

{¶ 12} As a general rule, the execution of a criminal sentence commences when a defendant has been sentenced to a term of imprisonment and the defendant has been delivered to a penal institution of the executive branch. *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335. Thus, once a defendant has been delivered into the custody of the penal institution in which he is to serve his sentence, a trial court's authority to suspend or to modify a sentence is limited to those instances specifically provided by the General Assembly. *State v. Gilmore* (Apr. 6, 1995), Cuyahoga App. No. 67575, 1995 WL 168748, citing *Addison.*

{¶ 13} In *State v. Lambert*, Richland App. No. 03–CA–65, 2003-Ohio-6791, 2003 WL 22950390, ¶ 14, our colleagues in the Fifth Appellate District also spoke to this issue:

> While a trial court maintains authority to amend its sentence at any time before the execution of sentence is commenced, absent statutory authority to do so, a court has no authority to amend a valid sentence which has been put into execution.

{¶ 14} See, also, *State v. Wilburn* (Dec. 22, 1999), Lawrence App. No. 98–CA–47, 1999 WL 1281507; *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 268, 7 OBR

347, 455 N.E.2d 519, citing *Beatty v. Alston* (1975), 43 Ohio St.2d 126, 72 O.O.2d 70, 330 N.E.2d 921, and *State v. Papp* (1978), 64 Ohio App.2d 203, 18 O.O.3d 157, 412 N.E.2d 401; *State v. Greulich* (1988), 61 Ohio App.3d 22, 572 N.E.2d 132; *In re Zilba* (1996), 110 Ohio App.3d 258, 673 N.E.2d 997.

{¶ 15} We believe that the trial court possessed the authority to modify appellee's sentence. At the time the court modified appellee's sentence, the sentence had not yet commenced, as he had not been delivered to the custody of a penal institution. Although the cases cited above generally involve a court resentencing a defendant to a harsher sentence, we believe that prior to the commencement of the execution of sentence, trial courts also retain the authority to resentence defendants to less harsh sentences. This is a matter for which trial courts should have discretion. From time to time, facts and evidence may come to light prior to the commencement of execution of a sentence that may have a significant bearing in fashioning an appropriate sentence. Trial courts should retain the authority to modify a sentence under appropriate circumstances.

{¶ 16} Appellant asserts that *Henson,* supra, presents the same situation as the instant case. We disagree with appellant's assessment. In *Henson* a trial court judge attempted to use a 2001 nunc pro tunc entry to modify a 1983 sentence. In the case sub judice, in contrast, appellee had not yet commenced the execution of his sentence at the time the trial court modified the sentence.

{¶ 17} Additionally, we do not believe that a trial court's authority is limited by the fact that a judgment of conviction and sentence had been previously appealed and affirmed on appeal. Although unusual in timing and sequence, this fact does not diminish a trial court's authority to modify a defendant's sentence prior to the commencement of execution of that sentence if the court sees fit to do so.

{¶ 18} Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

KLINE, J., concurs.

MCFARLAND, J., dissents.