DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Namon B. Conley, Jr. appeals pro se from the judgment of the Medina County Court of Common Pleas that denied his motion titled "Motion for Resentencing to Correct Invalid Sentence and to Conform with Statutory Requirements, or, in the Alternative, Application for Nunc-Pro-Tunc Order." We affirm.
 I. {¶ 2} On January 31, 2001, the Medina County Grand Jury indicted Mr. Conley on two counts of aggravated vehicular assault, in violation of R.C. 2903.08, third degree felonies. Mr. Conley pled no contest to the charges, and the court accepted the plea and found him guilty of both counts. In a judgment entry dated August 28, 2001, the court sentenced Mr. Conley to a maximum term of five years of incarceration on each count, to be served consecutively. The court also imposed a driver's license suspension of ten years on each count, to run consecutively, as well.
 {¶ 3} On September 27, 2001, Mr. Conley's trial counsel filed a notice of appeal to this Court from the August 28, 2001 judgment entry. However, Mr. Conley failed to file an appellate brief with this Court, and therefore, we dismissed the appeal per App.R. 18(C).[1]
 {¶ 4} On March 28, 2005, Mr. Conley attempted to file another appeal from this judgment, this time pro se, by filing a motion for leave to file a delayed appeal pursuant to App.R. 5. In his motion, Mr. Conley asserted that he was not aware that he could seek appellate review of his sentence. This Court denied the motion and dismissed the appeal, stating that Mr. Conley failed to set forth sufficient reasons for failing to perfect a timely appeal and noting that the trial court's judgment entry indicated that Mr. Conley was apprised of his right to an appeal.[2]
Mr. Conley then filed an appeal pro se with the Ohio Supreme Court from this dismissal. The Supreme Court dismissed Mr. Conley's appeal as not involving any substantial constitutional question.[3]
 {¶ 5} On June 10, 2005, Mr. Conley filed a "Motion for Resentencing to Correct Invalid Sentence and to Conform with Statutory Requirements, or, in the Alternative, Application for Nunc-Pro-Tunc Order." In his motion, Mr. Conley asserted that the August 28, 2001 sentencing order was invalid and violated his constitutional guarantees to due process, because it imposed a sentence on each offense, and the offenses were allied offenses of similar import pursuant to R.C. 2941.25(A). In a journal entry dated June 14, 2005, the trial court denied the motion/application for nunc-pro-tunc order. This appeal followed.[4]
 {¶ 6} Mr. Conley timely appealed pro se, asserting one assignment of error for review.
 II. Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN DENYING MOTION FOR RESENTENCING OR NUNC PRO TUNC TO CORRECT AN `INVALID'
SENTENCE VIOLATIVE OF R.C. § 2941.25(A), WHERE BOTH COUNTS CONSTITUTES ALLIED OFFENSES AND WERE COMMITTED AT THE SAME `TIME' AND `PLACE.'" [sic]
 {¶ 7} In his sole assignment of error, Mr. Conley avers that the trial court erred in sentencing him to two maximum, consecutive sentences, pursuant to R.C. 2941.25.
 {¶ 8} Because Mr. Conley asserted constitutional violations in his motion, which was filed subsequent to his direct appeal (albeit dismissed for want of prosecution), we construe the motion as a petition for post-conviction relief as provided in R.C. 2953.21, per State v. Reynolds
(1997), 79 Ohio St.3d 158, syllabus. As such, the procedural requirements of this statute apply to this case. See Reynolds, 79 Ohio St.3d at 161.
 {¶ 9} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App.R. 3(A) 4(A). A trial court is not to entertain a motion that is filed after the timeframe set forth in R.C. 2953.21(A)(2). R.C. 2953.23(A).
 {¶ 10} While Mr. Conley did file a timely notice of appeal on September 27, 2001 from the August 28, 2001 judgment and conviction, the appeal was dismissed for want of prosecution. Following an unsuccessful attempt to file another appeal in March 2005, Mr. Conley filed his pro se motion for re-sentencing on June 10, 2005, almost 4 years after the entry of judgment of conviction and sentence. Thus, Mr. Conley's filing well exceeded the 180-day time limit prescribed by the statute. R.C. 2953.23(A) provides certain factors, that if present, would except a petition from the prescribed filing time; however, neither of these situations apply in the instant case. See R.C. 2953.21(A)(1)-(2). Although the trial court did not specify its reasons for denying Mr. Conley's petition, we find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition, because of its untimeliness. See R.C. 2953.23(A). See, also, Medicine v. Sobotka (Mar. 12, 1997), 9th Dist. No. 96CA006482, at *2.
 {¶ 11} Furthermore, we find that the doctrine of res judicata applies to bar Mr. Conley's petition, as explained by the Reynolds Court:
"`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'
"It is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal." (Emphasis in original.)Reynolds, 79 Ohio St.3d at 161, quoting State v. Perry (1967),10 Ohio St.2d 175, syllabus.
Mr. Conley had every opportunity to raise his contentions in his direct appeal to this Court in 2001, but he failed to avail himself of that opportunity. He is now barred from attempting to raise these contentions in this petition and in this subsequent appeal. Therefore, we find that the trial court's denial of the motion is also supported by this reasoning. See Medicine, at *2.
 {¶ 12} We also note that a nunc pro tunc order is not an appropriate way to request re-sentencing on a conviction. State v. Evans,161 Ohio App.3d 24, 2005-Ohio-2337, at ¶ 8-10.
 {¶ 13} Based upon the foregoing, we find that the trial court did not err in denying Mr. Conley's petition titled "Motion for Resentencing to Correct Invalid Sentence and to Conform with Statutory Requirements, or, in the Alternative, Application for Nunc-Pro-Tunc Order." Mr. Conley's sole assignment of error is overruled.
 III. {¶ 14} Mr. Conley's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Moore, J. Concur.
[1] State v. Conley (Jan. 3, 2002), 9th Dist. No. 01CA3264-M, journal entry.
[2] State v. Conley (Apr. 14, 2005), No. 05CA0028-M, journal entry. Mr. Conley later filed a motion for reconsideration of this journal entry, which this Court also denied.
[3] State v. Conley (Sept. 7, 2005), S.Ct. No. 05-952, journal entry.
[4] The State filed a motion to dismiss the appeal on July 28, 2005. This Court denied the motion on August 10, 2005.