JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellee, the State of Ohio, appeals the trial court's decision modifying the sentence of defendant-appellee, Raymond Williams. The State argues that the trial court lacked authority to modify Williams' sentence after it had already imposed a three-year prison term. Because the trial court modified Williams' *Page 3 
sentence before he was delivered to prison, we find no merit to the appeal and affirm.
 {¶ 2} In October 2004, Williams pled guilty to involuntary manslaughter and aggravated robbery. The trial court imposed a term of five years of community control sanctions with the following conditions: (1) abide by the rules and regulations of the adult probation department; (2) report for regular drug testing; and (3) enroll in college and maintain a "C" average. The trial court further stated that any violation of these conditions would result in a three-year prison term.
 {¶ 3} On May 21, 2007, the probation department notified the court that Williams had tested positive for marijuana that same day. The court immediately held a probation violation hearing and found that Williams had violated the conditions of his community control sanctions. Consequently, the court sentenced him to a three-year prison term.
 {¶ 4} The following day, Williams moved for an order allowing him to be drug tested by an independent agency, which the trial court granted. Williams also moved to modify his sentence, which the court set for hearing on May 30. At the hearing, Williams presented evidence that he tested negative for cocaine, alcohol, and marijuana on both May 3, 2007 and May 24, 2007. Based on these findings, he argued that the testing performed on May 21 was not accurate and urged the court to reconsider its earlier finding of a probation violation. The court reconsidered its earlier finding, and it ultimately determined that Williams had not violated the *Page 4 
conditions of his community control sanctions. And the court vacated its previous order sentencing Williams to three years in prison.
 {¶ 5} The State appeals, raising the following assignment of error:
 {¶ 6} "The trial court erred in resentencing the defendant after the imposition of a valid final judgment in a criminal case."
 {¶ 7} It is well-settled that a trial court has jurisdiction to modify a sentence before execution of the sentence commences. State v.Evans, 161 Ohio App.3d 24, 2005-Ohio-2337. "As a general rule, the execution of a criminal sentence commences when a defendant has been sentenced to a term of imprisonment and the defendant has been delivered to a penal institution of the executive branch." Id. at ¶ 12, citingState v. Addision (1987), 40 Ohio App.3d 7. But once the defendant is delivered from the temporary detention of the judicial branch to the penal institution of the executive branch, the trial court loses its authority to suspend or modify a sentence, except in those limited instances specifically provided by the General Assembly. Id.; see, also,State v. Dawkins, 8th Dist. No. 88022, 2007-Ohio-1006, ¶ 7; Columbus v.Messer (1982), 7 Ohio App.3d 266, 268.
 {¶ 8} Here, the record indicates that Williams' three-year prison sentence had not yet commenced when the trial court modified his sentence. In other words, Williams had not been delivered from the temporary detention facility of the trial court to Lorain Correctional Institution at the time that the trial court modified his sentence. Accordingly, we find that the trial court acted within its authority. *Page 5 
 {¶ 9} The sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR. *Page 1