JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In this consolidated appeal, appellant State of Ohio appeals the trial court's modification of appellee Brian Nutter's sentence, and the court's granting of judicial release pending appeal. The State assigns the following errors for our review:
 "I. The trial court committed error by ordering a modification of a previously imposed, lawful sentence which had gone into execution."
 "II. The trial court committed error by granting judicial release when it no longer had jurisdiction of the case."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's modification and granting of judicial release and remand for the reinstatement of the original sentence. The apposite facts follow.
 Factual Background {¶ 3} Nutter was indicted in three separate cases (Case Nos. CR-496449, CR-494988, CR-493766, and CR-496982). As a result of a plea deal, he entered a plea in all three cases. In total, he pled guilty to one count of escape, three counts of theft, one count of vandalism, one count of disturbing a public service, and one count of receiving stolen property. He was sentenced to a total of six years in prison.
 {¶ 4} Approximately a month and a half after sentencing, Nutter filed a motion to correct his sentence. He claimed he was incorrectly sentenced because *Page 4 
one of the theft counts was a fourth degree felony not a third degree felony. If the court corrected the alleged error, it would have resulted in reducing the three-year sentence on that count to six-to-eighteen months. The court denied the motion.
 {¶ 5} Soon after the denial, Nutter filed a motion to modify his sentence so that he could request judicial release earlier than five years. Nutter requested the trial court run the two three-year sentences for theft concurrently instead of consecutively. Although there was no error in its original sentence, the trial court granted the motion for modification from which the State filed the instant appeal.
 {¶ 6} While the instant appeal was pending, Nutter filed a motion for judicial release. The trial court granted the motion after noting the problematic situation of having a limited time in which to rule on the motion for judicial release per statute, and the fact an appeal was pending. The State also filed an appeal from the decision granting judicial release, which appeal was consolidated with the appeal from the sentence modification.
 Modification of Sentence {¶ 7} In its first assigned error, the State argues the trial court lacked authority to modify its own valid sentence. We agree. *Page 5 
 {¶ 8} Once a defendant begins serving his or her sentence there is a finality to the judgment, and the trial court may not modify its previously imposed sentence. "As a general rule, the execution of a criminal sentence commences when a defendant has been sentenced to a term of imprisonment and the defendant has been delivered to a penal institution of the executive branch."[1] Once a defendant is in the custody of the penal institution in which he or she is to serve the sentence, a trial court's authority to suspend or to modify a sentence is limited to those instances specifically provided by the General Assembly.[2] Consequently, the general rule is a court has no authority to amend a valid sentence that has been placed into execution.[3]
 {¶ 9} The Ohio Supreme Court, in State ex rel. Cruzado v.Zaleski[4] discussed two exceptions to the general rule. TheCruzado court explained that a trial court is authorized to correct a void sentence and can also correct clerical errors in the judgment. *Page 6 
 {¶ 10} In the instant case, it is undisputed that Nutter had commenced serving his sentence prior to the motion for modification. It is also undisputed that the original sentence was valid. Although Nutter tried to argue one of the theft convictions was a felony three versus a felony four, the trial court rejected that argument. In fact, the trial court's modification consisted of the court running two of the theft convictions concurrently instead of its previously ordered consecutive sentence. Because the original sentence was not void, and because the court's modification was not the result of a clerical error, it lacked the authority to amend its previously entered valid judgment. Accordingly, the State's first assigned error is sustained.
 Judicial Release {¶ 11} In its second assigned error, the State argues the trial court did not have jurisdiction to grant judicial release pending appeal.
 {¶ 12} Based on our disposition of the first assigned error, we need not address the jurisdictional argument. The court did not have the authority to change its previously entered valid judgment; therefore, the three-year sentence for two of the theft convictions will still be served consecutive to each other as ordered in the original sentencing order. As a result, Nutter's total sentence is six years. Pursuant to R.C. 2929.20, because Nutter's sentence exceeds five *Page 7 
years, he must serve five years in prison before requesting judicial release.[5] Because he has not served the required time, the trial court is without authority to grant his request for judicial release. Accordingly, the State's second assigned error is sustained. The trial court's order granting Nutter's request for judicial release is reversed.
 {¶ 13} Judgment reversed and remanded for the trial court to reinstate the original sentence.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] State v. Evans, 161 Ohio App.3d 24, 2005-Ohio-2337, ¶ 12; see, also State v. Addison (1987), 40 Ohio App.3d 7.
[2] State v. Evans, supra, citing State v. Gilmore (Apr. 6, 1995), Cuyahoga App. No. 67575.
[3] Id. at ¶ 13.
[4] 111 Ohio St.3d 353, 2006-Ohio-5795.
[5] R.C. 2929.20(B)(4). *Page 1