JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Thomas Frazier ("Frazier"), pro se, appeals the trial court's denial of his motion to clarify sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} As this court has previously stated regarding Frazier's underlying criminal actions:
 "In August 1995, Frazier pled guilty to charges in two separate cases. In CR-320159, he pled guilty to drug trafficking and having a weapon while under disability. In CR-322046, he pled guilty to failure to comply with the order of a police officer, having a weapon while under disability, drug trafficking, vandalism, and two counts of assault on a police officer. Frazier was sentenced to seven to fifteen years in prison, to be served consecutively to six years in prison for the firearm specifications.
 "On April 10, 2003, Frazier moved for judicial release under R.C. 2929.20. The trial court granted his motion, thereby placing him on community control sanctions for four years. In May 2004, Frazier was found in violation of his community control sanctions, and the trial court returned him to prison." State v. Frazier, Cuyahoga App. No. 86984, 2006-Ohio-3023 ("Frazier I"); State v. Frazier, Cuyahoga App. No. 88331, 2007-Ohio-1851 ("Frazier II").
 {¶ 3} In August 2004, Frazier filed a motion for jail time credit, which the trial court granted. However, he continued to assert that the jail time calculations were incorrect. Subsequently, in August 2005, he filed a motion for declaratory judgment alleging that the calculations of the Department of Rehabilitation and Correction were incorrect. The trial court denied the motion and Frazier appealed. We affirmed the trial court's decision finding that Frazier was not entitled to any jail time credit for any period of incarceration that arose from facts separate and apart from those facts *Page 4 
on which his current sentence is based; thus, the Department of Rehabilitation and Correction was correct in not crediting time earned pursuant to his gun specification conviction. Frazier I.
 {¶ 4} Frazier also filed a "Crim. Rule (52-B) Motion," alleging that his constitutional rights were violated by the trial court's sentence after he was found to have violated his community control sanctions. The trial court denied the motion, and Frazier again appealed. We found that his motion did not exist under the Ohio Rules of Criminal Procedure and that he was barred by res judicata from raising issues related to his sentence. Frazier II.
 {¶ 5} Subsequent to our decision in Frazier II, Frazier filed a "Motion to Clarify Sentence" and an "Order to Compel," again asking the trial court to compel the Department of Rehabilitation and Correction to comply with the sentencing order of the court. Frazier also filed a writ of mandamus, which we dismissed as moot. State ex rel. Frazier v.Saffold, Cuyahoga App. No. 88166, 2006-Ohio-4494. Frazier then filed a writ of procedendo, which we denied. State ex rel. Frazier v.Saffold, Cuyahoga App. No. 91188, 2008-Ohio-3353.
 {¶ 6} The trial court denied his motion to clarify sentence and motion to compel. Frazier now appeals the denial of his motion to clarify sentence, arguing that the trial court erred in denying his motion.
 {¶ 7} As this court recently stated in State v. Nutter, Cuyahoga App. Nos. 91073-91076, 91848-91851, 2009-Ohio-723: *Page 5 
 "Once a defendant begins serving his or her sentence there is a finality to the judgment, and the trial court may not modify its previously imposed sentence. `As a general rule, the execution of a criminal sentence commences when a defendant has been sentenced to a term of imprisonment and the defendant has been delivered to a penal institution of the executive branch.' Once a defendant is in the custody of the penal institution in which he or she is to serve the sentence, a trial court's authority to suspend or to modify a sentence is limited to those instances specifically provided by the General Assembly. Consequently, the general rule is a court has no authority to amend a valid sentence that has been placed into execution.
 "The Ohio Supreme Court, in State ex rel. Cruzado v. Zaleski [111 Ohio St.3d 353, 2006-Ohio-5759] discussed two exceptions to the general rule. The Cruzado court explained that a trial court is authorized to correct a void sentence and can also correct clerical errors in the judgment." (Internal citations omitted.)
 {¶ 8} In the instant case, it is undisputed that Frazier had commenced serving his sentence prior to his "motion to clarify sentence." Furthermore, this court has previously affirmed the validity of his original sentence in Frazier II. Although Frazier argues that the Ohio Department of Rehabilitation and Correction has misinterpreted the sentence imposed by the trial court to include nine years in gun specifications, rather than the sentence we previously affirmed, the trial court rejected that argument. Therefore, because his original sentence was not void and there is no clerical error in the judgment, we find that the trial court did not err in denying his motion to clarify sentence.
 {¶ 9} Moreover, we also find that Frazier's motion is barred by res judicata and the law of the case doctrine.[1] In Frazier II, we found that: *Page 6 
"the doctrine of res judicata prevents this court from reviewing the issues Frazier could have raised in a timely appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review based upon the operation of res judicata. See, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
 "In the instant case, Frazier possessed the opportunity through a direct or delayed appeal to challenge the issues he now raises, including the trial court's resentencing in June 2004 when the trial court found he violated his community control sanctions. Instead, Frazier waited more than one year to challenge his sentence by filing a motion which is not recognized under Ohio's Rules of Criminal Procedure. Therefore, because he failed to timely appeal his sentence, he has waived his right to review of the issues raised herein."
 {¶ 10} When this court found in Frazier II that review of any sentencing issues was barred by res judicata, the propriety of his sentence became the law of the case and subsequent arguments seeking to "modify" or "clarify" his sentence were barred. Thus, we find that the trial court properly denied Frazier's motion.
 {¶ 11} Therefore, the sole assignment of error is overruled.
 {¶ 12} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 7 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, ADMINISTRATIVE JUDGE
ANN DYKE, J., CONCURS;
CHRISTINE T. McMONAGLE, J., DISSENTS WITH SEPARATE OPINION
[1] The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984), 11 Ohio St.3d 1,3, 462 N.E.2d 410. Thus, "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." Hubbard exrel. Creed v. Sauline, 74 Ohio St.3d 402, 404-405, 1996-Ohio-174,659 N.E.2d 781.