[Cite as *State v. Allen*, 2013-Ohio-1414.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 13 CA 1 |
| JEFFREY D. ALLEN | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 2010 CR 632

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    April 8, 2013

APPEARANCES:

For Plaintiff-Appellee

EARL L. FROST
ASSISTANT PROSECUTOR
20 South Second Street, 4th Floor
Newark, Ohio 43055

For Defendant-Appellant

SIOBHAN R. CLOVIS
36 North Second Street
Post Office Box 919
Newark, Ohio 43058-0919

*Wise, P. J.*

{¶1} Defendant-appellant Jeffrey D. Allen appeals the December 19, 2012, decision of the Licking County Common Pleas Court denying his Motion to Reduce or Modify Sentence.

{¶2} Plaintiff-Appellee is the State of Ohio.

{¶3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶5} This appeal shall be considered in accordance with the aforementioned rule.

<u>STATEMENT OF THE CASE AND FACTS</u>

{¶6} On March 18, 2011, Appellant Jeffery D. Allen, entered a plea of guilty to one count of Aggravated Possession of Drugs, a violation of R.C. §2925.11(A)(C)(1)(c), a felony of the second degree; one count of Aggravated Possession of Drugs, a violation of R.C. §2925.11(A)(C)(1)(b), a felony of the third degree; and, one count of Possession of Marijuana, a minor misdemeanor, a violation of R.C. §2925.11(A)(C)(3)(a).

{¶7} Appellant's charges arose out of a traffic stop where the drugs were found on Appellant's person and in his vehicle. (T. at 13-14).

{¶8}   By Judgment Entry filed March 21, 2011, based on Appellant's pleas of guilty, the trial court found Appellant guilty and sentence him to a two (2) year mandatory prison term on second-degree felony and a two (2) year prison term on the third-degree felony, to be run consecutively to each other, for a cumulative prison sentence of four (4) years. No sentence was imposed on the minor misdemeanor offense.

{¶9}   On October 29, 2012, Appellant filed a pro se "Motion to Reduce or Modify the Sentence", arguing that the prison sentence imposed by the trial court should have been ordered to run concurrently with a federal prison term.

{¶10} By Judgment Entry filed December 19, 2012, the trial court denied Appellant's motion.

{¶11} Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶12} "I.    IT WAS ERROR TO SENTENCE MR. ALLEN, A NONVIOLENT DRUG OFFENDER, TO A FOUR-YEAR PRISON TERM WITHOUT SPECIFYING THAT IT BE SERVED CONCURRENTLY TO A FEDERAL PRISON TERM."

I.

{¶13} In Appellant's assignment of error, Appellant argues that the trial court erred in failing to order his sentence in this case to run concurrently with a federal prison term.  We disagree.

{¶14} In the case *sub judice*, Appellant cites this Court to the transcript of the sentencing hearing wherein the trial court was made aware that Appellant was facing a federal prison term for a parole violation following his conviction and sentence in the

instant case. Appellant argues that the trial court's silence on whether his sentence in this case should be served consecutive or concurrent to the ensuing federal prison sentence was error.

{¶15} Upon review, we find that it is clear from the record that the sentence by the Licking County Court was imposed prior to the sentence in federal court.

{¶16} The Ohio Supreme Court addressed this issue in *State v. White*, 18 Ohio St.3d 340, 342, 481 N.E.2d 596, wherein it stated:

{¶17} "R.C. 2929.41(A) provides generally that a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment. In R.C. 2929.41(B) the trial court is granted discretion to specify that, "[a] sentence of imprisonment shall be served consecutively to any other sentence of imprisonment." However, this court is persuaded that the grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro.*"

{¶18} The Court in *State v. White*, went on to reason:

{¶19} "When a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code. The second trial judge must have discretion pursuant to R.C. 2929.41(A) and (B) to fashion the sentence to be imposed as a result of the conviction in his trial court."

{¶20} Additionally, a trial court has no jurisdiction to amend or modify its own valid final judgments. *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 120. In criminal cases, a judgment is not considered final until the sentence has been ordered into execution.

{¶21} In *State v. Garretson* (2000), 140 Ohio App.3d 554, 558–559, the court of appeals stated:

{¶22} " 'In *Columbus v. Messer* (1982), 7 Ohio App.3d 266, the Court of Appeals for Franklin County addressed the question of exactly when the execution of the sentence has begun: "Where the full sentence involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch."

{¶23} As a result, a trial court does not have jurisdiction to modify a valid sentence of imprisonment once imprisonment has begun. Should a trial court retain jurisdiction to modify an otherwise valid sentence "the defendant would have no assurance about the punishment's finality." *Brook Park v. Necak* * * * '

{¶24} Before execution of a sentence has begun, the trial court possesses authority to modify the sentence. *State v. Evans,* 161 Ohio App.3d 24, 2005-Ohio-2337, ¶ 15-17. Due primarily to the constitutional right prohibiting double jeopardy, the trial court loses jurisdiction to amend or modify the sentence once the sentence has begun to be executed. *State v. Carr,* 167 Ohio App.3d 223, 2006-Ohio-3073, ¶ 3, citing *State v. Garretson* (2000), 140 Ohio App.3d 554, 748 N.E.2d 560; *see also*, *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335; *State v. Ballard* (1991), 77 Ohio App.3d

595, 602 N.E.2d 1234; *see also*, *Ex parte Lange* (1873), 85 U.S. 163, 21 L.Ed. 872; *United States v. Benz* (1931), 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

**{¶25}** Based on the foregoing, we find Appellant's sole Assignment of Error not well-taken and overrule same.

**{¶26}** The judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


_____


_____


_____

                                                                JUDGES

JWW/d 0326

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :             JUDGMENT ENTRY
                                       :
JEFFREY D. ALLEN                       :
                                       :
    Defendant-Appellant            :             Case No. 13 CA 1

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES