[Cite as *State v. Smith*, 2020-Ohio-1026.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                       No. 108499

v.                                       :

MARCELLUS SMITH,                        :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-576912-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christopher D. Schroeder, Assistant Prosecuting Attorney, *for appellee*.

Michael B. Telep, *for appellant*.

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Marcellus Smith ("Smith"), appeals the denial

of a motion to correct his sentence and claims the following two errors:

> 1. The trial court erred when it failed to determine whether the facts surrounding defendant's convictions arose from the same conduct and, therefore, were subject to merger for sentencing purposes.

2. The trial court erred when it imposed a sentence contrary to law by imposing consecutive sentences without making specific findings required by R.C. 2929.14(C).

{¶ 2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In 2013, Smith was charged with two counts of aggravated murder, two counts of aggravated burglary, and one count each of murder, felonious assault, kidnapping, and having weapons while under disability. All the charges except the having weapons while under disability charge included one- and three-year firearm specifications. Smith pleaded guilty to one count of involuntary manslaughter, with a three-year firearm specification, and one count of aggravated burglary as alleged in Counts 1 and 5 of the amended indictment. The remaining charges were nolled.

{¶ 4} The plea agreement included an agreed sentencing range of between 13 and 20 years in prison. (Tr. 9, 18, 60, 83.) The parties also agreed that the involuntary manslaughter charge as amended in Count 1 and aggravated burglary as alleged in Count 5 were not allied offenses of similar import. (Tr. 76.) In accordance with the parties' agreed sentencing range, the court sentenced Smith to 11 years on the involuntary manslaughter conviction, to be served consecutive to the three years on the attendant firearm specification, and six years on the aggravated burglary conviction, to be served consecutive to the other prison terms, for an aggregate 20-year sentence. Smith did not appeal his sentence.

{¶ 5} Four and one-half years later, in March 2019, Smith filed a pro se "request for merger of Counts 1 and 5," arguing that his involuntary manslaughter

and aggravated burglary convictions were allied offenses that should have merged at sentencing. The trial court denied the motion. Smith now appeals the trial court's judgment.

## II. Law and Analysis

### A. Allied Offenses

{¶ 6} In the first assignment of error, Smith argues the trial court erred in failing to grant his motion to merge allied offenses. He contends his involuntary manslaughter and aggravated burglary convictions involved the same conduct and, therefore, should have merged for sentencing purposes.

{¶ 7} As previously stated, Smith did not file a direct appeal of his sentence; he appeals the denial of a postconviction motion requesting merger of allied offenses. The doctrine of res judicata bars a convicted defendant from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal. *State v. Samuels*, 8th Dist. Cuyahoga No. 106520, 2018-Ohio-3675, ¶ 8, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Nevertheless, "[v]oid sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. Therefore, we must determine whether Smith's sentence is void.

{¶ 8} A "void" sentence is one imposed by a court without subject matter jurisdiction or the authority to act. *State v. Straley*, Slip Opinion No. 2019-Ohio-

5206, ¶ 25.  A "voidable" sentence is one imposed by court having jurisdiction, but was imposed irregularly or erroneously.  *Id.*

{¶ 9}   In *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, the Ohio Supreme Court revisited its jurisprudence on void sentences and held that "if the sentencing court had jurisdiction to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal."  *Id.* at ¶ 23.  The court recognized that "the trial court's failure to find that the offender has been convicted of allied offenses of similar import, even if erroneous, does not render the sentence void."  *Id.* at ¶ 24. The court further explained that its void sentence jurisprudence "does not apply to 'challenges to a sentencing court's determination *whether* offenses are allied.'"[1]  *Id.*, quoting *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8 (emphasis added in *Williams*).  Thus, the court concluded that

> when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata.

*Id.* at ¶ 26, citing *Holdcroft* at ¶ 8-9.

---

[1] By contrast, the *Williams* court held that when a trial court finds that a defendant has been found guilty of allied offenses of similar import, it is not authorized to impose a separate sentence on each offense because the court has a mandatory duty to merge allied offenses.  *Williams* at ¶ 28.  Thus, the imposition of separate sentences on allied offenses is contrary to law because it violates the mandate of R.C. 2941.25(A), even if the sentences are imposed concurrently.  *Id.*  Therefore, separate sentences on allied offenses are void.

{¶ 10} The trial court in this case never determined whether Smith's convictions were allied offenses subject to merger because the parties agreed they were not allied offenses. (Tr. 76.) Therefore, Smith's sentences are not void and any challenge to the validity of the sentences had to be made on direct appeal. Smith never filed an appeal and his allied offense claim is now barred by res judicata.

{¶ 11} Therefore, the first assignment of error is overruled.

## B. Consecutive Sentences

{¶ 12} In the second assignment of error, Smith argues his consecutive sentence is contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences.

{¶ 13} However, Smith failed to make this argument in his motion to request merger of Counts 1 and 5 in the trial court. A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes. *Lycan v. Cleveland*, 8th Dist. Cuyahoga Nos. 107700 and 107737, 2019-Ohio-3510, ¶ 32-33 ("It is well-established that arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court."); *In re Estate of O'Toole*, 8th Dist. Cuyahoga No. 108122, 2019-Ohio-4165, ¶ 46 ("Issues that were not raised at the trial-court level cannot be raised for the first time on appeal, and thus, we do not need to address them now.").

{¶ 14} Any issues regarding Smith's consecutive sentence are not properly before this court because Smith failed to raise them in the trial court. Moreover,

errors in law, including the erroneous imposition of consecutive sentences, that were raised or could have been raised on a direct appeal, are barred by res judicata. *See State v. Shie*, 8th Dist. Cuyahoga No. 92632, 2009-Ohio-5828, ¶ 7, citing *State v. Frazier*, 8th Dist. Cuyahoga No. 91617, 2009-Ohio-1091, ¶ 9.  Therefore, Smith's claim that his consecutive sentence is contrary to law is not properly before the court and is barred by res judicata.

{¶ 15}  The second assignment of error is overruled.

{¶ 16}  Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., CONCURS;

SEAN C. GALLAGHER, J., CONCURS WITH SEPARATE OPINION

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 17} I agree with the majority that Smith's sentence is not void and that his claims regarding allied offenses and consecutive sentences are barred by res judicata. However, because the trial court sentenced appellant to consecutive prison terms within an agreed sentencing range and the parties had agreed that the offenses were not subject to merger, I also do not believe that the sentence is reviewable pursuant to R.C. 2953.08. *See State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 19 (8th Dist.).