[Cite as *Shaker Hts. v. Patterson*, 2026-Ohio-745.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF SHAKER HEIGHTS,    :

    Plaintiff-Appellee,    :

                           No. 115432

    v.    :

LARRY REGINALD PATTERSON,    :

    Defendant-Appellant.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2026

---

Criminal Appeal from the Shaker Heights Municipal Court
Case No. 24TRD02535

---

### *Appearances:*

C. Randolph Keller, City of Shaker Heights Chief Prosecutor, *for appellee.*

Larry Reginald Patterson, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Larry Reginald Patterson ("Patterson"), acting pro se, filed this appeal after the Shaker Heights Municipal Court found him guilty of two traffic violations. For the following reasons, we affirm the trial court's judgment.

{¶ 2} On May 2, 2024, Patterson was issued a traffic citation in Shaker Heights for failure to follow traffic signal indications, specifically a red light, in violation of Shaker Heights Codified Ordinance ("SHCO") 1113.03 and operating a motor vehicle without a valid driver's license in violation of SHCO 1135.01(a). Patterson failed to appear at two scheduled arraignments and the court issued a warrant for his arrest on June 27, 2024. On March 26, 2025, Patterson pled not guilty to the traffic violations.

{¶ 3} Patterson filed a motion to dismiss this case on May 6, 2025. In his motion, Patterson argued that the case against him should be dismissed for the following three reasons, which are taken verbatim from his court filing:

Suppression of video evidence, which was only disclosed after public records pressure and constitutes a Brady violation;

Ongoing delays and denials in response to my lawful public records and discovery requests;

Indicators of undisclosed financial instruments (bonds or securities) possibly issued against my legal estate or case number, now the subject of federal inquiry through filings with the U.S. Treasury, IRS Whistleblower Office, and U.S. GAO.

{¶ 4} The court held a hearing on July 3, 2025, after which it denied Patterson's motion to dismiss. The court held a trial on the same date and found Patterson guilty of both traffic violations.

{¶ 5} Patterson appeals and raises two assignments of error for our review.

I. The trial court violated Appellant's due-process rights by denying full discovery, including requested financial records and audio visual evidence, in violation of Crim.R. 16 and the Fourteenth Amendment. Without access to this material evidence, Appellant was unable to

challenge the officer's testimony or verify procedural integrity, resulting in actual prejudice.

II. The trial court exceeded its jurisdiction and rendered judgment without a complete evidentiary record, depriving Appellant of a fair and lawful proceeding.

{¶ 6} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'" *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. "Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.).

{¶ 7} In Patterson's appellate brief, he argues that he "submitted multiple public-records and discovery requests under Crim.R. 16 . . . seeking complete financial documentation related to fines and bond activity." Specifically, Patterson indicated that he requested "(1) financial documentation evidencing bond handling and (2) audiovisual recordings of the May 6 pretrial proceeding and adjacent hallway."

{¶ 8} These alleged discovery requests are not part of the record, and we are unable to verify the content of the requests. Furthermore, our review of the record shows that Patterson did not file a motion to compel or any other document that would shed light on his alleged discovery requests.[1] In other words, nothing in

---

[1] In Shaker Heights' appellate brief, it states that on "March 25, 2025, . . . Patterson filed a Motion for Discovery with the Shaker Heights Municipal Court . . . ." There is no

the record indicates that the trial court was aware of, let alone ruled on, an alleged discovery dispute.

**{¶ 9}** To support his argument under the first assignment of error, Patterson cites *State v. Darmond*, 2013-Ohio-966, for the legal proposition that "[w]here non-disclosure [of discovery] prejudices the accused, reversal is warranted."[2] Our review of *Darmond* shows that it is inapplicable to this case. In *Darmond*, the Ohio Supreme Court held that a trial's court's inquiry into an allegation of a discovery rule violation "applies equally to discovery violations committed by the state and to discovery violations committed by a criminal defendant." *Id*. at ¶ 42. Here, nothing in the record shows that the municipal court inquired into a discovery dispute because nothing in the record shows that the trial court was aware of a discovery dispute.

**{¶ 10}** Crim.R. 16 governs discovery in criminal cases. Crim.R. 16(L)(1) states, "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery . . . ." Additionally, Crim.R. 12(C)(4) states, in part, as follows: "The following must be raised before trial: Requests for discovery under Crim.R. 16."

---

such motion in the record of this case, there is no docket entry showing any activity on March 25, 2025, and there is no docket entry of any date showing that Patterson filed a discovery motion with the court.

[2] Patterson also cites "*City of Fairview Park v. O'Neill*, 8th Dist. No. 96491, 2011-Ohio-6579." No such case exists in Ohio.

{¶ 11} The docket indicates that a hearing on Patterson's motion to dismiss, which appears to allege arguments similar, if not identical, to the arguments Patterson raises on appeal, was held on July 3, 2025. Additionally, the docket indicates that a trial was held the same day. However, the record does not contain a transcript of any court proceedings in this case. The appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision . . . . Failure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors . . . . Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below. *Lakewood v. Collins*, 2015-Ohio-4389, ¶ 9 (8th Dist.).

{¶ 12} In Patterson's appellate brief, he argues that "[n]o transcript or recording was supplied" to him. As the above-cited law shows, however, it is Patterson, as the appellant, who is required to provide this court with a transcript of the trial court proceedings. *See* App.R. 9(B)(1) (stating that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed . . . ."); App.R. 9(B)(3) ("The appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court."). The prosecutors and the trial court are not required to supply transcripts to Patterson in this case.

{¶ 13} In Patterson's second assignment of error, he argues that the municipal court "proceeded despite an incomplete evidentiary foundation: no authenticated transcript, no preserved audiovisual record, and unresolved discovery

deficiencies." To support this argument, Patterson cites *State v. Mbodji*, 2011-Ohio-2880. *Mbodji* stands for the following legal proposition, which has no bearing on Patterson's case: "We hold that a complaint that meets the requirements of Crim.R. 3 invokes the subject-matter jurisdiction of a trial court." *Id.* at ¶ 1.

{¶ 14} As stated in our analysis of Patterson's first assignment of error, the alleged "deficiencies" in the record that he raises on appeal are the result of his own actions or inactions. There would be no need for the municipal court to have a transcript or an "audiovisual record" of proceedings it conducted before it issued judgment, and if a transcript was necessary, it is Patterson's duty to ensure the proceedings are recorded and it is his duty to order and file the transcript. Furthermore, the municipal court is not required to take action on an alleged unresolved discovery dispute unless the issue is raised in the trial court. "A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes." *State v. Smith*, 2020-Ohio-1026, ¶ 13 (8th Dist.).

{¶ 15} Accordingly, Patterson's assignments of error are overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
DEENA R. CALABRESE, J., CONCUR