## SLAVEN v SLAVEN

Common Pleas Court, Montgomery Co
Division of Domestic Relations

No 20341. Decided Dec 8, 1941

Murphy, Murphy & Mayl, Dayton, for plaintiff.

Mason Douglass, Dayton, for defendant.

**OPINION**

By NICHOLAS, J.

This matter is before the Court upon the motion of defendant to vacate the decree of divorce rendered herein, on the ground of irregularity in obtaining the same.

The record discloses that the petition for divorce was filed by the plaintiff against the defendant on the 29th day of July, 1938. Service was had upon defendant by publication, the case was assigned for trial, and evidence offered on behalf of the plaintiff on the 19th day of October, 1938. Judge Arthur Markey, regularly elected and qualified Judge of the Common Pleas Court, Division of Domestic Relations, in and for this county, was sitting and heard the evidence. At the conclusion, Judge Markey indicated orally that a divorce would be granted some time in the future, after sufficient investigation of a home for placement of the minor child of the parties. Subsequently, and on or about the 21st day of November, 1938, an entry was filed in the office of the Clerk of Courts, signed by all of the Judges of the Common Pleas Court, designating Judge Mills, of the Common Pleas Court, to act as Judge of the Division of Domestic Relations in the absence of Judge Markey, from November 21, 1938 to a date left blank. In accordance therewith, Judge Mills did, on the 21st day of November, 1938, assume the duties of Judge Markey in the Division of Domestic Relations. On that day there was presented to Judge Mills a decree granting a divorce to the plaintiff from the defendant, and granting custody of the minor child of the parties to the plaintiff. The attorney for the plaintiff recounted to Judge Mills what had transpired, upon which Judge Mills approved the decree.

It is the contention of the defendant that this decree of divorce is void and should now be vacated. It is the contention of the plaintiff that the defendant is estopped from asking for the vacation of this decree, having appeared in this matter on previous motions and not having raised any question. It is also contended by the plaintiff that the decree should not be vacated, on the grounds of public policy, four years having elapsed and both parties to the suit having, in the meantime, remarried.

The first question that we must determine is whether the decree is void, voidable, or valid. We believe that it is conceded by both sides, and has been declared by the Courts of Ohio so frequently as not to need citation, that an oral pronouncement by a Court does not constitute a judgment. In order for a judgment to be rendered it must be reduced to writing, approved by the Court and duly filed in the office of the Clerk. In this instance, Judge Markey indicatel orally that he would in the future grant a judgment. There was no written decision, and since no judgment entry or decree was approved by him, Judge Markey did not render a judgment in this matter.

The question then is, could Judge Mills, who had not heard the evidence in the case, properly render a judgment, or was the decree approved by Judge Mills a mere nullity. There is some difference of opinion in the cases touching upon this question, but the general rule seems to be that stated in 30 Am. Jur. 750: "As a rule, however, a judge cannot finish the performance of a duty already entered upon by his predecessor when that duty involves the exercise of judgment and the application of legal knowledge and judicial deliberation to facts known only to the predecessor." Most of the cases that hold otherwise seem to be based upon the fact that some decision, memorandum, or written evidence, was made by the Judge who heard the evidence in the case, indicating what his decision would be; and finding, therefore, that

the rendering of the decision constituted merely a ministerial act.

In the case of McAllen v Lauza, 74 Pac. 2d series, 853, it was held: "A party litigant is entitled to decision upon facts from Judge who hears the evidence when matter is tried without a jury."

There is no question raised in this case as to the propriety of Judge Mills' appointment, or as to his ability or the propriety of his hearing and deciding all cases that might have been brought before Judge Markey, had he been presiding in person.

It has been pointed out by counsel for the defendant that the judicial discretion vested in the Judge cannot be delegated or assigned to another. In the case of Durden v People, 192 Ill. 493, the Supreme Court of Illinois held: "The fact that Circuit Judges may hold Court for each other and perform each other's duties does not authorize one Judge to allow another to finish the performance of a duty already entered upon by the former, where such duty involves the exercise of judicial deliberation upon facts known to the former and not to the latter."

This Court is of the opinion that while Judge Mills was duly delegated to assume the duties of Judge Markey in his absence, and was thoroughly competent to hear any matter that might be presented to him, that he did not have the power to pass upon questions that had been tried to Judge Markey. That in order for Judge Mills to make an effective decree in this case, it would be necessary to resubmit to him the evidence upon which a decree could be based. That the granting of a decree of divorce must be based upon evidence offered, and is a matter for judicial determination after the taking of proper evidence, the only person capable of approving a decree of divorce being the Judge who actually heard the evidence. Since Judge Mills did not hear the evidence in the case, it is, therefore, the conclusion of this Court that the decree approved by Judge Mills is void.

In considering the matter of public policy involved, the Court must consider two sides of this principle. While it is the duty of the Court to consider the sanctity of the marriage relationship and do all in its power to prevent any improper disturbance of that relationship when properly entered into, the Court must also consider the interest of the public in established rules of law and legal procedure, so that all may know that judgments properly obtained will be protected and those improperly obtained will be vacated, regardless of the fact that it may inconvenience or embarrass individuals who may be involved. Having found that the decree entered herein was void as a matter of law, this Court cannot consider the equities of the parties nor the inconvenience or embarrassment that may result to them.

On the question of estoppel, this Court is of the opinion that, the judgment being void, the defendant cannot be estopped by her failure to point out this fact to the Court upon her first appearance in Court, or by any other acts upon the part of the defendant. The decree being void ab initio cannot be made valid by anything that defendant might do or fail to do, either before or after the matter was called to the attention of the Court.

The Court, therefore, finds that the motion of the defendant should be and hereby is sustained, and that the decree of divorce entered herein on the 21st day of November, 1938, is void, and that the same be vacated, set aside, and held for naught, with leave to defendant to plead in this action.