APEX BUILDERS SUPPLY CO. *v.* UMINA ET AL.

(No. 64-7033— Decided October 16, 1968.)

Shaker Heights Municipal Court.

*Messrs. Leanza, Longano, Farina & Mendelsohn,* for plaintff.
*Mr. Marvin Sicherman* and *Mr. Sidney R. Davis,* for defendants.

ROCKER, J. This case was originally tried before an Acting Judge appointed by the then duly elected Judge of the Municipal Court of Shaker Heights, Ohio. Said acting judge died before rendering a decision. Request was made upon the regular judge at that time to render a decision in the case based upon a transcript of record prepared by a "court reporter" present during the entire proceedings; that judge died, also, before acting upon such request and the same request is now renewed by motion of plaintiff to have the present sucessor judge render a decision in the case based upon testimony contained in the record.

This is an unusual situation, and one for which the court finds little guidance from either texts on the subject or from prior decisions. There exists in Ohio no statutory

provision which directly regulates a situation such as exists in the present case.

There are various statutes in the Revised Code of Ohio, however, which the court may refer to which indirectly support a contention that it is within the discretion of this court to decide this case by consideration of the testimony as recorded in the transcript prepared by a court reporter present during the proceedings.

First, the court will consider Section 2317.03 (G), Revised Code (use of depositions).

"If after testifying orally, a party dies, the evidence may be proved by either party on a further trial of the case * * *"

Here we observe a clear instance wherein recorded testimony of a party can be offered to the court, not necessarily the same court that heard the original testimony given.

Section 2317.06, Revised Code, provides for proving testimony of an absent witness and contains language in part as follows:

"When a party or witness, after testifying orally, dies * * * if the evidence given by such party or witness is incorporated into a bill of exceptions, in the case wherein such evidence was given, as being all the evidence given, by such party or witness * * * [it] may be read in evidence by either party on a further trial of the case. *If no bill of exceptions has been taken or signed, but the evidence of such party or witness has been taken down by an official stenographer, the evidence so taken may be read in evidence by either party on the further trial of the case * * *.*" (Emphasis added.)

The aforementioned code sections, along with cognizance of the fact that under a variety of circumstances it is a generally accepted practice to refer matters to referees whose decisions are either affirmed or overruled by the court upon reading of the record, tend to indicate that the use of recorded testimony even at the trial level is not considered repugnant by the courts in the administration of justice.

Under Federal Rules of Practice, Rule 26 (d), the court is empowered to admit a deposition in evidence "if the court finds * * * upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice * * *."

The following text appears in 30-A American Jurisprudence 40:

"In the absence of a governing statute, the authorities are in conflict as to the power of a judge other than the one who tries a case to order the entry of a judgment or render a decision therein. According to some courts, where a cause is left undetermined, a succeeding trial judge cannot decide, or make findings in, the case without a trial de novo on all of the issues. Other courts, however, have held that where a judge retires or dies after a case has been tried, and submitted to him, and before rendering judgment, his successor may render such judgment on the record of the evidence after hearing the argument and without hearing further testimony."

In the instant case, the suit involves an account wherein plaintiff claims defendants are indebted to plaintiff in the sum of $975.37 for lathing and plastering materials sold and delivered to defendants. All of the testimony given at the trial is recorded within two transcripts; one of proceedings on December 8 and 10, 1964, and the second on May 17, 1967. The transcripts contain no records of arguments of counsel.

This court finds itself in agreement with the position of plaintiffs that since they have already spent time and expense involved in about 2½ days of trial on this matter, the ends of justice would be most worthily met if further consideration of the case by this court were to be made by use of the record of evidence rather than trial de novo as requested by defendants.

We are all familiar with the expression, justice delayed is justice denied; requiring these parties to try this case again under the circumstances and in view of the amount of money at issue, would, indeed, most classically illustrate the adage cited.

It appears to this court that upon a retrial of this matter, the facts set forth in the transcript would substantially, if not exactly, be the same as the testimony. Due to the subject matter of the action, it would appear to this court, further, that the lack of being able to observe the demeanor of the witnesses would have inconsequential effect on the determination of the issues and would not to any material degree prejudice either party.

This court, therefore, does hereby grant the motion of plaintiff to have judgment rendered on the transcript of testimony, but with the proviso that plaintiff's and defendant's counsel appear before the court and offer oral argument on the issues involved.