Welsh et al. Appellees, *v.* Brown-Graves Lumber Company, Appellant.

(No. 8630—Decided March 29, 1978.)

*Mr. Gary B. Pearch,* for appellees.
*Mr. Scott H. Ruport,* for appellant.

Mahoney, P. J. The defendant, Brown-Graves Lumber Company, appeals a judgment in favor of John Welsh, et al., the plaintiffs-appellees, for breach of contract. We reverse and remand for a new trial.

*Facts*

The plaintiffs hired the defendant to remodel a house owned by the plaintiffs. The parties entered into several contracts concerning the remodeling. Controversies concerning the defendant's alleged improper performance soon developed. The defendant ceased work in February of 1972. In May of 1972, the plaintiffs commenced their action in Common Pleas Court.

The case was originally assigned to Judge Bell, but was

subsequently assigned to the late Judge Emmons. Judge Emmons tried the case, but became ill before he could render a decision. The parties thereupon entered into the following stipulation:

"In consideration of certain circumstances of which the parties are aware and which will prevent the Judge before whom the above-captioned case was tried from rendering a judgment thereon and in consideration of the stipulation and agreement of the parties through their respective counsel of record, as signified hereinbelow, that the entire transcript of the trial proceedings be transcribed, the expense of said transcription to be taxed as costs of suit, and that the undersigned Judge Sam H. Bell render judgment herein based upon a review and consideration of the record without further hearing.

"The Court Hereby Orders, that the entire transcript of the trial of the within action be transcribed by the Court Reporter, that the expense of said transcription be included in the costs of suit to be paid in accordance with the decision of the Court and that the Court upon reviewing the record will render judgment herein."

Judge Bell thereafter became a member of this court. The record was reviewed by Judge Lombardi, who found the defendant liable to the plaintiff in the amount of $38,-695.32. A motion for a new trial was denied.

### Discussion

The defendant's first assignment of error alleges that it is improper for Judge Lombardi to render a judgment when he had no opportunity to observe the witnesses, and since the stipulation provided that Judge Bell decide the case. We accept the first reason, but reject the latter.

An analysis of this problem begins with Civ. R. 63:

"*Disability of a Judge*

"(A) During trial. If for any reason the judge before whom a jury trial has been commenced is unable to proceed with the trial, another judge, designated by the administrative judge, or in the case of a single-judge division by the chief justice of the supreme court, may proceed with and finish the trial upon certifying in the record that

he has familiarized himself with the record of the trial; but if such other judge is satisfied that he cannot adequately familiarize himself with the record, he may in his discretion grant a new trial.

"(B) After verdict or findings. If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge designated by the administrative judge, or in the case of a single-judge division by the chief justice of the supreme court, may perform those duties; but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial."

The clear implication of part (B) is, that when the trial judge acts in the capacity of the trier-of-fact, a successor judge cannot take over the case if the predecessor judge has not filed findings of fact and conclusions of law. This prohibition is clearest in a case such as this, where the predecessor judge has not rendered a judgment. See Civ. R. 52.

In this situation, the successor judge is in the position of rendering a judgment without having observed the witnesses, and such is in violation of his judicial duties. See, *In re Lieberman* (1955),163 Ohio St. 35; *State v. Antill* (1964), 176 Ohio St. 61. Prior Ohio decisions support this view of Civ. R. 63. See, *Heiland* v. *Hildebrand* (1964), 81 Ohio App. 25; *Slaven* v. *Slaven* (1941), 35 Ohio Law Abs. 268; *Apex Builders Supply Co.* v. *Umina* (1968), 16 Ohio Misc. 329, 332 (where credibility of witnesses was not a factor), and, for cases from other jurisdictions, see Annotation, *Power of Successor or Substituted Judge, in Civil Case, to Render Decision or Enter Judgment on Testimony Heard by Predecessor*, 22 A. L. R. 3d 922, Sec. 4 (C).

Where witness credibility is not a factor, a different situation is presented. It is rarely encountered. *Ruggieri* v. *Beauregard* (1972), 110 R. I. 197, 291 A. 2d 413, 414. Based on an examination of the record and findings, we do not find this rare situation present here.

The effect of the stipulation remains to be considered. First, the designation of Judge Bell is irrelevant. There is no persuasive reason to believe the parties intended that only Judge Bell could or should render judgment. Judge Bell at no time presided at the trial. There is no rule authorizing parties to pick and choose among trial judges.

Second, while we concede that some courts have given effect to stipulations in this area, *Christopher* v. *Nelson*, 50 Mich. App. 710, 213 N.W. 2d 867; Annotation, 22 A. L. R. 3d, *supra* at Sec. 3 (C), others have not, *Moore Golf, Inc.* v. *Lakeover Golf and Country Club, Inc.* (1975), 49 A. D. 2d 583, 370 N. Y. S. 2d 156. More importantly, a stipulation running directly contrary to the clear import of a rule of civil procedure should not be enforced. *Cf. Conner* v. *Drake* (1853), 1 Ohio St. 166; *Gittings* v. *Baker* (1853), 2 Ohio St. 21. Since this stipulation clashes with the clear import of Civ. R. 63, this case must be retried.

*Summary*

We sustain the first assignment of error and reverse and remand the cause for a new trial. Due to the remand, we do not rule upon the remaining assignments of error.

*Judgment reversed and cause remanded.*

DOYLE, J., concurs.
VICTOR, J., concurs in the judgment only.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.