[Cite as *Dixon v. O'Brien*, 2011-Ohio-3399.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CLARK DIXON, | ) | |
| | ) | CASE NO. 09 MA 123 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| THOMAS J. O'BRIEN, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas
                              Court, Case No. 08 CV 1551.


JUDGMENT:                     Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellant:      Attorney Gregg A. Rossi
                              26 Market Street, 8th Floor
                              Youngstown, OH 44503


For Defendants-Appellees:     Attorney Adam E. Carr
                              5824 Akron-Cleveland Rd., Suite A
                              Hudson, OH 44236


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                              Dated: June 29, 2011

DeGenaro, J.

{¶1} Appellant Clark Dixon, appeals the judgment of the Mahoning County Court of Common Pleas denying his motions for judgment notwithstanding the verdict (JNOV) and for a new trial, following a jury verdict in favor of Defendant-Appellee, Thomas J. O'Brien, in a negligence action stemming from an automobile accident. Dixon takes issue with two evidentiary rulings during trial and claims the court erred by giving a defense verdict form to the jury. Further, he argues that the trial court erred in denying his motion for a new trial and for JNOV.

{¶2} We are unable to reach the merits of Dixon's assignments of error due to several procedural defects that occurred during the trial court proceedings. These errors stemmed from a stipulation between the parties to waive all objections to any decisions by the magistrate who presided over the jury trial. While we recognize the importance of judicial economy and the discretion afforded to courts to manage their dockets effectively, we cannot allow that portion of the stipulation or the resulting errors to stand because they contravene the civil rules. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this Opinion.

### Facts and Procedural History

{¶3} In August 2006, a vehicle driven by O'Brien rear-ended a vehicle driven by Dixon. On April 15, 2008, Dixon filed suit against O'Brien to recover for his personal injuries. Following a final pretrial, and upon unanimous consent of the parties, the trial court referred "the trial of this matter and all issues and motions attendant thereto" to a magistrate.

{¶4} On April 27, 2009, the day trial commenced, in a document entitled "Stipulation, Waiver and Consent," signed by counsel for both parties and the trial court, the parties again consented to have the jury trial heard before the magistrate and to have the magistrate make any rulings that would normally be decided by a judge, including evidentiary rulings, entering judgment on the jury's verdict and deciding post-trial motions. In addition, the parties agreed that any magistrate's decisions and/or orders would be final and binding upon them, and to waive any objections to the magistrate's orders or

decisions. Further, they agreed that they would nonetheless preserve their respective appellate rights.

{¶5} The case proceeded to a jury trial with the magistrate presiding. O'Brien stipulated that he was negligent and thus only proximate cause and damages were at issue. The jury rendered a verdict in favor of O'Brien. On May 5, 2009, judgment was entered on the verdict by the magistrate and signed by the magistrate and the trial court. The magistrate did not file a separate magistrate's decision regarding the trial, and no objections were filed, nor was a notice of appeal.

{¶6} On May 11, 2009, Dixon filed a motion for JNOV or alternatively a motion for a new trial. O'Brien filed a brief in opposition. In a June 2, 2009 document captioned "Magistrate's Order," the magistrate denied Dixon's motions. Included in that document was a notice that any party may appeal to the trial court by filing a motion to set aside the order no later than 10 days after it was entered.

{¶7} Dixon then filed a motion to set aside, in which he raised factual arguments regarding the magistrate's disposition of his new trial/JNOV motion. However, he failed to file a transcript for the trial court's review. On June 20, 2009, the trial court overruled the motion to set aside the magistrate's order, and Dixon appealed to this court.

{¶8} O'Brien filed a motion to dismiss the appeal for lack of subject matter jurisdiction. He claimed that pursuant to the parties' written stipulation to waive any objections to the magistrate's orders and decisions, the notice of appeal should have been filed within 30 days of the June 2, 2009 magistrate's order denying the motion for new trial/JNOV, rather than from the date the trial court overruled Dixon's motion to set aside that order. This court overruled the motion to dismiss, concluding there are no provisions in the civil rules allowing for immediate appeal to this court from a decision or order of an appointed magistrate and thus there was no final appealable judgment until the trial court overruled the motion to set aside the magistrate's order.

{¶9} And although Dixon failed to list the May 5, 2009 judgment in his notice of appeal, listing only the trial court's judgment entry relating to his subsequent new trial/JNOV motion, this court has jurisdiction to consider errors relating to trial and this

judgment. See *Maritime Mfrs., Inc. v. Hi-Skipper Marina* (1982), 70 Ohio St.2d 257, 259-260, 436 N.E.2d 1034 (concluding that although notice of appeal mistakenly specified that appeal was taken from order denying the motion for new trial rather than from the final judgment entered on the merits, appellants sufficiently preserved their right to appeal, since the notice of appeal did not materially mislead appellee.)

### Procedural Irregularities

{¶10} On appeal, Dixon raises three assignments of error:

{¶11} "The trial court erred in denying Appellant's motion for new trial and motion for judgment notwithstanding the verdict as the verdict was against the manifest weight of the evidence."

{¶12} "The trial court erred in giving a defense verdict form to the jury."

{¶13} "The trial court erred in allowing Appellee to testify that he was not injured in the motor vehicle collision as his testimony is irrelevant and the trial court erred in precluding Appellant from testifying that his daughter, Andrea Dixon, a passenger in the vehicle, was injured."

{¶14} O'Brien disingenuously argues that most of these arguments have been waived for failing to object to the trial court. Yet the parties entered into a stipulation, which was apparently sanctioned by the court, to waive objections to any and all magistrate's decisions and orders. Although Dixon does not raise this as a counter-argument, we exercise our discretion to sua sponte discuss the stipulation and the procedural defects that resulted from it. App.R. 12(A). Ultimately, these procedural flaws prevent us from reaching the merits of the assigned errors.

{¶15} In the first paragraph of the stipulation the parties consent to have the magistrate preside over the jury trial and to have the magistrate make any rulings that would normally be decided by a judge, including evidentiary rulings, entering judgment on the jury's verdict and deciding post-trial motions. This docket management decision is a proper exercise of judicial discretion as it is expressly provided for by the Civil Rules. "To assist courts of record and pursuant to reference under Civ.R. 53(D)(1), magistrates are authorized, subject to the terms of the relevant reference, to * * * [u]pon unanimous

written consent of the parties, preside over the trial of any case that will be tried to a jury[.]" Civ.R. 53(C)(1)(c).

**{¶16}** The second and third paragraphs of the stipulation state:

**{¶17}** "The undersigned further agree that the decisions of the Magistrate and if applicable, all findings of fact and conclusions of law which may be incorporated into any Magistrate's Decision shall be final and binding on the parties. The undersigned waive any all objections to said Magistrate's orders and/or decisions and authorize the Judge of this Court to approve same and to enter judgment, or an appropriate Order in conformity therewith.

**{¶18}** "Notwithstanding anything herein to the contrary, the undersigned do hereby preserve their respective rights of appeal to the appropriate Court of Appeals as with other judgments and orders of this trial court and/or Judgment upon the Verdict."

**{¶19}** These provisions are problematic because they violate the scheme devised by Civ.R. 53 as a docket management tool to aid trial judges by permitting select matters to be resolved by magistrates, which must be done in a specified procedural framework. "[A] stipulation running directly contrary to the clear import of a rule of civil procedure should not be enforced." *Welsh v. Brown-Graves Lumber Co.* (1978), 58 Ohio App.2d 49, 52, 12 O.O.3d 192, 389 N.E.2d 514 (stipulation conflicting with Civ.R. 63(B) unenforceable).

**{¶20}** For example, in *Hollobaugh v. D & V Trucking,* 7th Dist. No. 99 CA 303, 2001-Ohio-3265, this court invalidated the parties' stipulation that no objection would be raised in front of the jury regarding evidence that was the subject of a failed motion in limine. "[P]arties to an action cannot stipulate as to legal matters which must be determined by the court. See 89 Ohio Jurisprudence 3d (1989) 111-112, Trial, Section 75. Accordingly, it has also been stated that a stipulation cannot change the mode of proceeding in a trial and cannot change the application of the rules of evidence. Id.; 89 Ohio Jurisprudence 3d (1989) 114-115, Trial, Section 77." Id. at *4.

**{¶21}** And several Ohio courts have held that stipulations similar to the one in this case are unenforceable. See *Constr. Sys., Inc. v. Garlikov & Assoc., Inc.*, 10th Dist. No.

09AP-1134, 2010-Ohio-3893 (rejecting stipulation that magistrate's findings of fact are final and not subject to objection to the trial court); *Yantek v. Coach Builders Ltd., Inc.*, 1st Dist. No. C-060601, 2007-Ohio-5126 (rejecting stipulation that the trial court sign the final judgment entry based on any verdict and any rulings on motions by the magistrate and to waive any claimed error or objection to the fact of the magistrate presiding at trial).

{¶22} More important, stipulations that purport to grant a magistrate full judicial powers circumvent the Ohio Constitution. A magistrate's power is specifically intended only "to *assist* courts of record." Civ.R. 53(C)(1). The rule limits a magistrate's authority because judicial power is vested in "a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from time to time be established by law." Section 1, Article IV, Ohio Constitution. "'Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court.'" *Yantek*, supra, at ¶9, quoting *Quick v. Kwiatkowski*, 2d Dist. No. 18620, 2001-Ohio-1498, citing Section 5(B), Article IV, Ohio Constitution (the Ohio Supreme Court has authority to prescribe rules of practice and procedure in Ohio courts which do not affect any substantive right). Thus, a magistrate's "oversight of an issue or issues, even an entire trial, is not a substitute for the [trial court's] judicial functions but only an aid to them. A trial judge who fails to undertake a thorough independent review of the [magistrate's decision] violates the letter and spirit of Civ.R. 53 * * * even where a jury is the factfinder, the trial court remains as the ultimate determiner of alleged error by a [magistrate]" *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 6-7, 615 N.E.2d 617.

{¶23} By approving the procedural scheme embodied in Civ.R. 53, the legislature made a policy decision that struck a balance between a court's discretion to manage its docket efficiently and its constitutional duty to decide cases and independently review the decisions of its magistrates. As aptly stated by the Second District:

{¶24} "* * * [W]e cannot lose sight of the functional differences between the trial and appellate courts, the role of the magistrate within the trial court, and the constitutional requirements which govern the creation of courts in Ohio. Those matters require us to

support and enforce the distinctions which result from them." *Quick*, supra, at *4.

{¶25} Finally, this court's jurisdiction is limited to reviewing final orders from the trial courts by Section 3(B)(2), Article IV of the Ohio Constitution. See, also, R.C. 2505.03(A). The parties' stipulation attempts to obviate the need for the trial court's 'ultimate function' to review the magistrate's decision as contemplated by Civ.R. 53, which is essential in order to enter a final judgment pursuant to Civ.R. 54 and 58; without it we lack the jurisdiction to reach the merits of this appeal. *Yantek* at ¶18, 19. To proceed with the merits of this appeal consistent with the stipulations would, in essence, be a direct appeal from a magistrate's decision, as it would permit the parties to substitute the limited authority vested in the magistrate by the Civil Rules for the constitutional authority of the trial court. Id.

{¶26} While we recognize the importance of judicial economy and the discretion afforded trial courts to effectively manage their dockets, that discretion must be exercised within constitutional and statutory constraints. For all these reasons, we cannot enforce these provisions because they are contrary to the Ohio Constitution and the Civil Rules.

{¶27} The trial court's intent in permitting the stipulation was to advance the goal of judicial economy. In the end, the stipulation defeated the very purpose it sought to serve, because it created several procedural defects which prevent us from reviewing the merits of this appeal; specifically, the magistrate's failure to issue a magistrate's *decision* after the jury trial, and the misuse of a magistrate's *order* to dispose of Dixon's post-trial motion.

{¶28} Magistrates are required to prepare a magistrate's decision with respect to any matter referred under Civ.R. 53(D)(1), which includes after presiding over a jury trial by consent of the parties, and when deciding a post-trial motion. Civ.R. 53(C)(1)(a) and (c). See, generally, *O'Connor v. Trans World Servs., Inc.*, 10th Dist. No. 05AP-560, 2006-Ohio-2747, at ¶2-3. "A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed." Civ.R. 53(D)(3)(a)(iii). The decision shall indicate conspicuously that a

party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion unless the party timely and specifically objects to that factual finding or legal conclusion. Id. A timely objection must be filed with the trial court within fourteen days of the filing of the magistrate's decision. Civ.R. 53(D)(3)(b)(i).

{¶29} Here, the magistrate failed to issue a decision after the jury trial. Instead, several days after trial, both the magistrate and the trial court simultaneously entered judgment on the jury verdict. This error deprived the parties of an opportunity to object to issues arising at trial, in contravention of Civ.R. 53.

{¶30} The procedural irregularities continued with the resolution of Dixon's motion for new trial/JNOV with a magistrate's *order*. Because it was a dispositive motion, the magistrate should have prepared a *decision* to resolve the new trial/JNOV motion pursuant to Civ.R. 53(D)(3)(a)(i) and (iii). Instead, the magistrate issued a document entitled "Magistrate's Order," which included a notice that any party may appeal it to the trial court by filing a motion to set aside the order no later than ten days after it was entered. Dixon then filed a motion to set aside, but failed to file a transcript for the trial court's review, and the trial court overruled the motion. This procedure was erroneous because Civ.R. 53(D)(2)(a)(i) permits magistrates to issue orders without judicial approval only where they are "necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Id.

{¶31} A trial court's failure to comply with Civ.R. 53 requires an appellate court to reverse and remand where the failure prejudiced the appellant. See *Erb v. Erb* (1989), 65 Ohio App.3d 507, 510, 584 N.E.2d 807 (reversing and remanding where trial court rendered judgment incorporating magistrate's recommendations where magistrate presided over bench trial and failed to issue a decision); *Williams v. Ormsby*, 9th Dist. No. No. 09CA0080-M, 2010-Ohio-3666, at ¶11-13 (reversing and remanding where magistrate's decision was not captioned as such and failed to include a conspicuous warning that failure to object to any findings of fact and conclusions of law in the magistrate's decision would result in forfeiture of those issues on appeal); *Constr. Sys.*, supra, at ¶21 (reversing and remanding where pursuant to a stipulation between the

parties, the trial court struck objections to the magistrate's findings of fact); *In re Bortmas* (Oct. 15, 1999), 11th Dist. No. 98-T-0147 (reversing and remanding where magistrate failed to file a decision).

{¶32} "'The case law discussing prejudice based upon a trial court's violation of Civ.R 53 focuses on two issues: (1) whether the violation prevented the appellant the opportunity of filing objections to the magistrate's decision; and (2) whether the trial court was able to conduct an independent analysis of the magistrate's decision. The clear import of [current Civ.R. 53(D)] is to provide litigants with a meaningful opportunity to register objections to the [magistrate's decision] and the failure to provide such an opportunity to object is prejudicial error.' (Internal quotations and citations omitted.) *Ulrich v. Mercedes-Benz USA, LLC*, 9th Dist. No. 23550, 2007-Ohio-5034, at ¶13, citing *Ford v. Gooden*, 9th Dist. No. 22764, 2006-Ohio-1907, at ¶13, quoting *Performance Constr., Inc. v. Carter Lumber Co.*, 3d Dist. No. 5-04-28, 2005-Ohio-151, at ¶15." *Ormsby*, supra, at ¶11.

{¶33} The trial court's conduct of the proceedings, beginning with its approval of a stipulation that contravened the civil rules, prevented the filing of objections, both following trial and during the new trial/JNOV proceedings. The trial court failed to conduct an independent analysis of the magistrate's decisions since none were filed. Thus, prejudice exists in this case.

{¶34} This gives rise to another reason why we decline to address the merits of Dixon's assignments of error. Our standard of review in cases involving the trial court's adoption of a magistrate's decision is whether the trial court abused its discretion. *Spain v. Hubbard*, 7th Dist. No. 02 BA 15, 2003-Ohio-2555, at ¶27, citing *State ex rel. Hrelec v. Campbell* (2001), 146 Ohio App.3d 112, 117, 765 N.E.2d 402. Here, due to the stipulation, the magistrate failed to issue proper decisions and the trial court exercised no discretion with respect to the facts of this case. See *Constr. Sys.*, supra at ¶19-20. The failure of the trial court to conduct the inquiry necessary to demonstrate that it has adopted, modified, or rejected a magistrate's decision prior to entering judgment is improper on a fundamental level. *Yantek* at ¶12. "A magistrate's decision is not effective

unless adopted by the court."  Civ.R. 53(D)(4)(a).

**{¶35}** Accordingly, we hold that paragraphs two and three of the "Stipulation, Waiver and Consent" are unenforceable.  We reverse and remand the judgment of the trial court for the magistrate to prepare and file a magistrate's decision regarding the trial, thereby giving Dixon the opportunity to raise objections with regard to the magistrate's conduct of trial, and for the case to thereafter proceed in accordance with all applicable civil rules.

Donofrio, J., concurs.

Vukovich, J., concurs.