[Cite as *In re A.W.E-M.*, 2023-Ohio-2896.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| In Re: A.W.E-M. | : | |
| Duane M. McDiarmid, | : | Case No. 22CA9 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Lori Esposito | : | |
| Defendant-Appellee. | : | **RELEASED 8/16/2023** |

<u>APPEARANCES</u>:

Christopher L. Trolinger, Trolinger Law Offices, LLC, Columbus, Ohio, for appellant.

Adam R. Salisbury, Pomeroy, Ohio, for appellee.

Hess, J.

{¶1} Appellant Duane M. McDiarmid appeals the trial court's May 2022 nunc pro tunc judgment entry. He raises two assignments of error: (1) the entry substantively modified the previous September 2021 order instead of merely correcting a clerical error and therefore was incorrectly labeled "nunc pro tunc" and (2) the trial court approved journal entries that inaccurately reflected the terms of the in-court settlement agreement as to the name change of the minor child and the parenting time conditions.

{¶2} We find that the order was improperly characterized as a "nunc pro tunc" order because it made substantive revisions that were not part of the trial court's original findings. Therefore the May 2022 order does not relate back to September 2021, McDiarmid's appeal is timely, and we have jurisdiction over it. We sustain McDiarmid's first assignment of error. However, the issue of whether those substantive revisions

accurately reflected the parties' settlement agreement was not properly preserved for appeal because the trial court's order contained an unenforceable provision which prevented the parties from filing objections to the magistrate's decision under the Rules of Civil Procedure. McDiarmid cannot properly challenge the substantive accuracy of the revisions on appeal because he did not file an objection to the magistrate's decision. In other words, we find that substantive changes were made between the September 2021 order and the May 2022 order such that it was improper for the May 2022 order to be a "nunc pro tunc" order. However, we cannot determine whether any or all of the May 2022 changes accurately reflect the parties' settlement terms because that issue was not preserved for appeal due to the unenforceable provision preventing the parties from filing objections to the magistrate decision. We overrule McDiarmid's second assignment of error as moot. We reverse the trial court's order and remand the matter for further proceedings as described herein.

## I. FACTS & PROCEDURAL HISTORY

{¶3} Lori Esposito and Duane McDiarmid are the biological parents of A.W.E-M. who was born December 5, 2013. They parented without court intervention for approximately two years, but in December 2015 McDiarmid filed a complaint to determine the residential parent and legal custodian and submitted a proposed shared parenting plan. In June 2017, the trial court entered an agreed shared parenting decree.

{¶4} In August 2020, Esposito filed a notice of intent to relocate to Columbus, Ohio in January 2021 and McDiarmid filed an objection. Esposito filed a motion to reallocate parental rights or alternatively change visitation and she made a request for temporary orders. The trial court held a hearing on July 15, 2021 at which the parties

informed the court that they had reached an agreement to all pending matters and desired that the court adopt their agreement in lieu of a final hearing. On September 17, 2021, the magistrate issued an order which purportedly adopted the parties' agreement. However the decision included a signature line for the parties and their counsel and the signature lines for McDiarmid and his attorney stated, "unresponsive/refused to sign." On that same date of September 17, 2021, the trial court issued a final appealable order adopting the magistrate's findings. It similarly had signature lines that McDiarmid and his attorney refused to sign. The relevant provisions in the order provided:

> 3. The parties shall have shared parenting of their minor child with Defendant/Mother being the residential and primary custodial parent for school placement purposes. The Defendant/Mother is granted leave of the Court to establish a residence with the minor child of the Parties in Columbus, Ohio. The Parties shall divide parenting time as previously ordered, so long as Plaintiff has established a full or part time residence in Columbus, Ohio, and said residence has been inspected by the Guardian ad Litem. In that event, Plaintiff's parenting time shall take place in Columbus, Ohio. If, for any reason, the Plaintiff fails to establish a residence in Columbus, Ohio, then the Parties shall divide parenting time according to this Court's Standard Schedule with Plaintiff having parenting time pursuant to Plan A. The parent who is receiving parenting time shall be responsible for transportation.
> 
> \*          \*          \*
> 
> 5. Both parties agree and stipulate to change the child's name from "[A.W.E.M.]" to "[A.W.E.-M.]."
> 
> \*          \*          \*
> 
> 7. Both parties, after consultation with counsel, waive any objection period associated with this Magistrate's Decision pursuant to Civil Rule 53(D)(3)(b). (OR 58)

{¶5}    Neither party moved to set aside the magistrate's order or filed objections to it under Civ.R. 53(D)(2) or (3) and neither party filed a timely appeal of the trial court's order. Approximately two months later, in November 2021, McDiarmid requested a hearing because he contended that he did not refuse to sign the order but had set a meeting to discuss changes with his counsel. He contended that Esposito's attorney did

not contact his attorney before making the incorrect representation to the court that he was refusing to sign. He also alleged that the parties had not discussed or agreed upon the child's name change, but he had been informed that the child's name had been changed earlier in November 2021. He requested a hearing "to speak in greater detail the information presented to the court and an opportunity to modify, accordingly."

{¶6}   The trial court held a status conference on January 6, 2022. There is nothing in the record reflecting the issues discussed at the status conference. However, in April 2022, McDiarmid filed a second motion for a hearing in which he explained that the court had advised his attorney to review the audio recording of the July 15, 2021 hearing "and draft the appropriate entry if the name change was not mentioned. Additionally, clauses that were no longer applicable were to be removed. Upon drafting the amended agreed order, [Esposito's attorney], was to review and have his client sign." According to McDiarmid, Esposito and her attorney refused to sign the amended agreed order.

{¶7}   A settlement conference was held on April 26, 2022.  At the conference the magistrate stated that "the purpose of today's status conference is to consult with counsel and parties. There was an agreement in this case, that was my understanding and then the parties were in disagreement about whether or not the drafted agreement actually was the encapsulation of what was agreed to in court. So we are here to try to resolve that." The parties agreed that two issues were unresolved and/or disputed: (1) the hyphenation of the child's last name and (2) the backup visitation plan if McDiarmid did not establish a Columbus residence, or if he maintained one temporarily and then discontinued it. Esposito's counsel stated that she could not agree to the proposed entry because they believed hyphenation of the child's last name was part of the negotiations

and because the revised entry removed the reference to using the backup visitation schedule if McDiarmid failed to maintain a residence in Columbus, Ohio. To encourage an agreement, the magistrate stated that her inclination would be not to order that the child's name be hyphenated and she would include the provision that if McDiarmid did not maintain a Columbus residence, then the visitation would be revised because "it was pretty clear that the intent was that the child would not be moving back and forth between Athens and Columbus during the school week." Esposito's attorney stated that he would confer with her and "go back to the drawing board and draft another proposal." Likewise, McDiarmid's counsel stated that she would speak to her client and depending upon whether he was amendable to the amended entry, "we will go ahead and seek another one."

**{¶8}** On May 11, 2022, following the court conference, Esposito's attorney served a "Nunc Pro Tunc Magistrate's Decision and Nunc Pro Tunc Final Entry" for approval to the court and to McDiarmid. McDiarmid did not respond on the record. On May 24, 2022 the magistrate entered a "Nunc Pro Tunc Magistrate's Decision after Waiver of Objection Period (Civ.R. 53)" and the trial court entered a "Nunc Pro Tunc Final Appealable Order" adopting identical provisions as those set out in the magistrate's order. Neither party filed objections to the magistrate's order under Civ.R. 53.

**{¶9}** McDiarmid appealed.

## II. ASSIGNMENTS OF ERROR

**{¶10}** McDiarmid assigns the following errors for our review:

I.     The trial court erred to the prejudice of appellant by improperly issuing a nunc pro tunc judgment entry which substantively modified the previous order as to appellant's legal rights and obligations instead of merely correcting a clerical error.

II.     The trial court erred and abused its discretion to the prejudice of appellant in approving journal entries that inaccurately reflect the terms of the in court settlement agreement as to the name change of the minor child and parenting time conditions.

### III. LAW AND ANALYSIS

### A. Jurisdictional Issue

**{¶11}** McDiarmid raises a jurisdictional issue in his first assignment of error because if the entry is properly a "nunc pro tunc" entry, then the entry relates back to September 2021 and his appeal is untimely.  We would not have jurisdiction over this appeal. Therefore, before we can address the substantive merits of the challenges raised in his second assignment of error, we must decide whether we have jurisdiction to do so. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."  Ohio Constitution, Article IV, Section 3(B)(2).  "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal."  *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8.  "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte."  *Id.*

**{¶12}** Here both parties have acknowledged that the May 24, 2022 order appealed is labeled "Nunc Pro Tunc" and purportedly corrects the September 17, 2021 order. "The issue of whether a trial court's nunc pro tunc judgment improperly modifies its previous judgment raises a question of law, which we review de novo." *Bracken v. Bracken*, 6th Dist. Huron No. H-15-008, 2015-Ohio-5307, ¶ 10. A proper nunc pro tunc entry does not give rise to a new final order for purposes of appeal and by its very nature applies

retrospectively to the judgment it corrects. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, syllabus. A nunc pro tunc entry does not restart the clock or extend the time within which to file an appeal. *Stepp v. Starrett*, 4th Dist. Vinton No. 18CA714, 2019-Ohio-4707, ¶ 10; *Matter of H.S.*, 2017-Ohio-457, 84 N.E.3d 127, ¶ 49 (4th Dist.), citing *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 15. Therefore, if the May 2022 order appealed here is accurately characterized as a nunc pro tunc entry, then it applies retrospectively to September 2021. McDiarmid's appeal would be untimely because it was not made within 30 days of the September 2021 order, and we would dismiss his appeal for lack of jurisdiction.

**{¶13}** Here, however, both parties concede that the May 2022 order makes substantive revisions that were not actually decided at the time the September 2021 order was issued. McDiarmid argues that it removes the issue concerning the child's name change and modifies language concerning his Columbus residence and the backup visitation schedule. Esposito "agrees in part that the issue of the child's name is a substantive change." She also concedes that the modifications related to McDiarmid's Columbus residence and the backup visitation schedule are not in the original order but "were implicit in the parties' agreement, if not explicit." We have reviewed the July 15, 2021 hearing transcript at which the settlement terms were placed into the record and were to be subsequently reflected in the September 2021 order. The record is silent on the issue of the child's name change and is lacking specific details concerning McDiarmid's Columbus residence and the backup visitation plan.

**{¶14}** We conclude that the trial court improperly characterized the entry as a nunc pro tunc order. The child's name change was not discussed on the record at all at the

hearing, therefore it was not part of the recorded settlement terms. Nevertheless, the trial court incorporated it into the September 2021 order believing it was an accurate reflection of the parties' agreement. The use of a nunc pro tunc entry to remove the name change issue was improper. "A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide." Nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, citing *State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995); *State v. Evans*, 161 Ohio App.3d 24, 2005-Ohio-2337, 829 N.E.2d 336, ¶ 9 (4th Dist.); *Stepp v. Starrett*, 4th Dist. Vinton No. 18CA714, 2019-Ohio-4707, ¶ 9.

{¶15} Similarly, the July 15, 2021 transcript is less than precise as it concerns McDiarmid's Columbus residence. It is not clear from the record whether the May 2022 order correctly reflects the parties' agreement on this, or not. If we understand McDiarmid's argument, he believes that the modification is substantive because it would require him to permanently move his residence to Columbus and discontinue his residence in Athens, Ohio. Regardless of the substantive merits of this argument, our conclusion that the trial court improperly used a nunc pro tunc entry to correct the child's name change makes this argument moot for purposes of our jurisdictional analysis.

{¶16} Here, the parties attempted to place a settlement into the record and obtain a trial court order that accurately reflected the terms of their agreement. This failed because they never actually placed anything in the record about the child's name change,

even though Esposito contends it was something they had agreed upon. Then, at the April 26, 2022 conference, they mutually agreed to prepare a second order to more accurately reflect the terms of their agreement and to remove clauses that were no longer applicable. The subsequent order, by its very nature, was not a nunc pro tunc entry because it was not merely reflecting what the court actually decided but which was mistakenly omitted. Rather, it was removing an item that the trial court should not have decided in the first instance based on the July15, 2021 hearing transcript. As a result, the trial court's order is a final appealable order and we have jurisdiction to proceed with the appeal.

{¶17} We sustain McDiarmid's first assignment of error.

### B. Standard of Review

{¶18} "Appellate courts generally review 'the propriety of a trial court's determination in a domestic relations case' under the 'abuse of discretion' standard." *Clifford v. Skaggs*, 4th Dist. Gallia No. 17CA6, 2017-Ohio-8597, ¶ 9, quoting *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989) (abuse of discretion standard applies to child support, custody, visitation, spousal support, and division of marital property). Under this highly deferential standard, we must affirm the decision of the trial court unless it is unreasonable, arbitrary, or unconscionable. *See State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} McDiarmid failed to object to the magistrate's decision. Under Civ.R. 53(D)(3)(b)(i), a party must file objections within 14 days of the filing of the magistrate's decision. Thus, a "party forfeits or waives the right to challenge the trial court's adoption

of a factual finding or legal conclusion unless the party objects in accordance with Civ.R. 53(D)(3)(b)." *See Faulks v. Flynn*, 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 17; Civ.R. 53(D)(3)(b)(iv). Any objections must be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Further, objections to findings of fact must be "supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). " 'In essence, the rule is based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.' " *Liming v. Damos*, 4th Dist. Athens No. 08CA34, 2009-Ohio-6490, ¶ 14, quoting *Barnett v. Barnett*, 4th Dist. Highland No. 04CA13, 2008-Ohio-3415, ¶ 16.

{¶20} For the plain error doctrine to apply, the party claiming error must establish (1) that " 'an error, i.e., a deviation from a legal rule' " occurred; (2) that the error was " 'an "obvious" defect in the trial proceedings[;]' " and (3) that this obvious error affected substantial rights, i.e., the error " 'must have affected the outcome of the trial.' " *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001, 1003 (1982) ("A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would

have a material adverse affect on the character and public confidence in judicial proceedings."). For an error to be "plain" or "obvious," the error must be plain "under current law," and it must be plain "at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 467, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *accord Barnes* at 27; *State v. G.C.*, 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, ¶ 14.

**{¶21}** The plain error doctrine is not, however, readily invoked in civil cases. Instead, an appellate court "must proceed with the utmost caution" when applying the plain error doctrine in civil cases. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). The Ohio Supreme Court has set a "very high standard" for invoking the plain error doctrine in a civil case. *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 721 N.E.2d 47 (2000). Furthermore, this Court recently noted as follows regarding the application of the plain error doctrine to domestic relations cases:

> "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Because parental rights determinations are difficult to make and appellate courts accord wide latitude to the trial court's consideration of evidence in these cases, "[p]lain error is particularly difficult to establish." (Citations omitted.)

*Sarchione-Tookey v. Tookey*, 4th Dist. Athens No. 17CA41, 2018-Ohio-2716, ¶ 36; *Mosser v. Mosser*, 4th Dist. Washington No. 19CA18, 2020-Ohio-5122, ¶ 7-10.

C. Plain Error Occurred in the Waiver of Objections to the Magistrate's Order

**{¶22}** Although McDiarmid failed to file timely objections to the magistrate's order, it appears he failed to do so as a result of an unenforceable waiver term in the magistrate's order that was adopted by the trial court's order. McDiarmid and Esposito entered into a

stipulation, which was incorporated into orders by both the magistrate and the trial court, to waive objections to the magistrate's decision under Civ.R.53(D)(3)(b). Both the magistrate and the trial court orders contained the following provision: "7. Both parties, after consultation with counsel, waive any objection period associated with this Magistrate's Decision pursuant to Civil Rule 53(D)(3)(b)."

**{¶23}** Parties cannot waive their right to file objections to the magistrate's findings by stipulation made prior to the issuance of the decision. *See Baldwin's Oh. Prac. Dom Rel. L.* § 31:8. "A stipulation running directly contrary to the clear import of a rule of civil procedure should not be enforced." *Welsh v. Brown-Graves Lumber Co.,* 58 Ohio App.2d 49, 52, 389 N.E.2d 514, 516-517 (9th Dist.); 89 Ohio Jur.3d Trial § 62.

**{¶24}** In *Dixon v. O'Brien*, 7th Dist. Mahoning No. 09MA123, 2011-Ohio-3399, the parties and trial court entered into stipulations that waived any objections to the magistrate's order. The appellate court determined that the stipulations were unenforceable "because they are contrary to the Ohio Constitution and the Civil Rules." *Id.* at ¶ 26.

> [S]everal Ohio courts have held that stipulations similar to the one in this case are unenforceable. See *Constr. Sys., Inc. v. Garlikov & Assoc., Inc.,* 10th Dist. No. 09AP–1134, 2010–Ohio–3893 (rejecting stipulation that magistrate's findings of fact are final and not subject to objection to the trial court); *Yantek v. Coach Builders Ltd., Inc.,* 1st Dist. No. C–060601, 2007–Ohio–5126 (rejecting stipulation that the trial court sign the final judgment entry based on any verdict and any rulings on motions by the magistrate and to waive any claimed error or objection to the fact of the magistrate presiding at trial).
>
> More important, stipulations that purport to grant a magistrate full judicial powers circumvent the Ohio Constitution. A magistrate's power is specifically intended only "to *assist* courts of record." Civ.R. 53(C)(1). The rule limits a magistrate's authority because judicial power is vested in "a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from

time to time be established by law." Section 1, Article IV, Ohio Constitution. " 'Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court.' " *Yantek,* supra, at ¶ 9, quoting *Quick v. Kwiatkowski,* 2d Dist. No. 18620, 2001–Ohio–1498, citing Section 5(B), Article IV, Ohio Constitution (the Ohio Supreme Court has authority to prescribe rules of practice and procedure in Ohio courts which do not affect any substantive right). Thus, a magistrate's "oversight of an issue or issues, even an entire trial, is not a substitute for the [trial court's] judicial functions but only an aid to them. A trial judge who fails to undertake a thorough independent review of the [magistrate's decision] violates the letter and spirit of Civ.R. 53 * * * even where a jury is the factfinder, the trial court remains as the ultimate determiner of alleged error by a [magistrate]" *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 6–7, 615 N.E.2d 617.

By approving the procedural scheme embodied in Civ.R. 53, the legislature made a policy decision that struck a balance between a court's discretion to manage its docket efficiently and its constitutional duty to decide cases and independently review the decisions of its magistrates. As aptly stated by the Second District:

> " * * * [W]e cannot lose sight of the functional differences between the trial and appellate courts, the role of the magistrate within the trial court, and the constitutional requirements which govern the creation of courts in Ohio. Those matters require us to support and enforce the distinctions which result from them."

> *Quick,* supra, at *4.

*Dixon v. O'Brien*, at ¶ 21-24.

**{¶25}** Here, because both the magistrate and the trial court orders prevented the parties from making objections to the magistrate's decision and obtaining trial court review of the objections under Civ.R. 53(D)(3)(b), the trial court failed to comply fully with Civ.R. 53. "A trial court's failure to comply with Civ.R. 53 requires an appellate court to reverse and remand where the failure prejudiced the appellant." *Dixon* at ¶ 31. Prejudice from a trial court's violation of Civ. R. 53 exists in at least two situations: (1) where it prevented the appellant an opportunity to file objections to the magistrate's decision and (2) where

it prevented the trial court from conducting an independent analysis of the magistrate's decision. *Dixon* at ¶ 32.   Here, the orders prevented the filing of objections and therefore resulted in prejudice.

**{¶26}** The provision in the magistrate's order and trial court's order that prevented the parties from filing objections to the magistrate's order is unenforceable. We do not get to the merits of McDiarmid's second assignment of error, because the trial court's order prejudicially prevented him from preserving it for appeal. In other words, we are able to determine that the differences in the two orders (the September 2021 order and the May 2022 order) are substantive, but we cannot in this appeal – due to the lack of magistrate's objections – pass on the merits of those differences. There were substantive changes, whether those substantive changes were correct or not, we cannot determine because it was not preserved for appeal due to the improper barring of objections. We cannot review a trial court's decision for abuse of discretion where, due to a lack of objections, no discretion has been exercised. *Constr. Sys. v. Garlikov & Assoc.,* 10th Dist. Franklin No. 09AP-1134, 2010-Ohio-3893, ¶ 18-20 (where parties stipulated that they would not file objections to magistrate's findings, stipulation was unenforceable and appellate court would not review the assignments of error, "We cannot review a decision for abuse of discretion if no discretion has been exercised").

**{¶27}** For example, we have determined that the child's name change was not mentioned at the July 15, 2021 hearing and therefore the May 2022 order was incorrectly labeled "nunc pro tunc." However, we do not have the authority to review whether the parties had agreed to the name change and simply failed to put it in the record or if this was something that they had never agreed upon in the first instance. Either way, the

dissatisfied party could have filed an objection, the matter briefed, and the trial court could have resolved that before it came before us on appeal.  That process did not occur and we cannnot take it up as a matter of first consideration at the appellate level.

**{¶28}**   We overrule McDiarmid's second assignment of error as moot and reverse and remand the judgment of the trial court. Upon remand, the magistrate may prepare and file a decision regarding the substantive merits of the case (with an evidentiary hearing, if it is necessary because the parties may not have reached a settlement) thereby giving the parties the opportunity to raise objections to the magistrate's decision and for the case to proceed thereafter in accordance with the applicable civil rules.

## IV. CONCLUSION

**{¶29}** We sustain McDiarmid's first assignment of error, overrule his second assignment of error as moot, reverse the judgment of the trial court, and remand the cause for further proceedings.

JUDGMENT REVERSED,
CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED, CAUSE REMANDED, and that appellant and appellee shall share the costs equally.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
        Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**